IN THE CHANCERY COURT OF TENNESSEE
FOR THE THIRTIETH JUDICIAL CIRCUIT AT MEMPHIS

LEGACY AUTO SALES, RODNEY L.          *
HAYES, EQUILLA L. HAYES,              *
                                      *
              Plaintiff,              *
                                      *
Vs.                                   *     No. CH-11-1634
                                      *     Part II
                                      *
BANK OF NEW YORK MELLON, as           *
Trustee for the Certificate           *
Holders of CWABS, Inc., asset         *
backed Certificates 2005-13,          *
WILSON & ASSOCIATES, PLLC,            *
SHELLIE WALLACE, CWABS, Inc.,         *
asset backed Certificates             *
2005-13,                              *
                                      *
              Defendant.              *

March 22, 2013

DEPOSITION

OF

ALISHA NIESWIADOMY

SALLY A. WORKMAN
Court Reporter
8370 Brunswick Road
Millington, Tennessee 38053
(901) 829-2771

A

000502

index

## T E S T I M O N Y

| NAME | DIRECT | CROSS | REDIRECT | RECROSS |
|------|--------|-------|----------|---------|
| Mr. Berkley | 3 | | 25 | |
| Mr. England | | 25 | | |

## E X H I B I T S

| NUMBER | ITEM | MARKED |
|--------|------|--------|
| 1 | 30(b)6 Notice | 9 |
| 2 | Answer | 10 |
| 3 | Wilson & Associates letter | 14 |
| 4 | Electronic foreclosure notice | 15 |
| 5-ID | Appointment of Successor Trustee | 16 |
| 6-ID | Notice | 25 |
| 7-ID | England letter | 26 |

000503

2

A P P E A R A N C E S


For the Plaintiffs:

    DRAYTON D. BERKLEY, ESQ.
    81 Monroe Avenue, Suite 400
    Memphis TN  38103



For the Defendants:

    PAUL ALLEN ENGLAND, ESQ.
    Stites & Harbison PLLC
    401 Commerce Street, Suite 800
    Nashville TN 37219




Also Present:

    Mr. Rodney Hayes
    Mrs. Equilla Hayes

1        The deposition of ALISHA NIESWIADOMY, taken on

2   behalf of Plaintiffs, pursuant to notice and agreement o

3   counsel, on March 22, 2013, at the office of Drayton D.

4   Berkley, Memphis, Tennessee.

5        This deposition is taken in accordance with the

6   terms and provisions of Rule 30(b)6, of the Tennessee

7   Rules of Civil Procedure.

8        All forms and formalities are waived, and

9   objections alone as to matters of incompetency,

10  irrelevancy and immateriality of the testimony are

11  reserved, to be presented and disposed of at or before

12  the hearing.

13       The signature of the witness is waived.

14

15                  ALISHA NIESWIADOMY,

16  the said witness, having been first duly sworn, was

17  examined and testified as follows:

18  DIRECT EXAMINATION

19  BY MR. BERKLEY:

20  Q       Ms. Alisha, you have a very long name, but we'll

21  just call you Alisha N. for short.  The court reporter

22  has your name down and can spell it out.  Have you ever

23  given a deposition before today?

24  A       Yes.

000505

4

1   Q       When was that?

2   A       A couple times last year.

3   Q       Who do you currently work for?

4   A       Bank of America.

5   Q       Bank of America?

6   A       Uh-huh.

7   Q       Were these depositions for Bank of America?

8   A       Yes.

9   Q       What is your current position with Bank of

10  America?

11  A       Litigation Specialist.

12  Q       Where do you work out of?

13  A       Fort Worth, Texas.

14  Q       How long have you worked for Bank of America?

15  A       A year and a half.

16  Q       What does a Litigation Specialist do?

17  A       Assist attorneys with solving cases, foreclosure

18  cases, fraud cases, several different types of cases.

19  Q       You're here to testify as a corporate

20  representative today?

21  A       Yes.

22  Q       On behalf -- is it on behalf of Bank of New York

23  you're testifying on behalf of?

24  A       Yes.

1   Q        But you work for Bank of America?

2   A        Yes.

3   Q        Explain the relationship, if you would, between

4   Bank of America and Bank of New York as it relates to

5   this case.

6   A        Bank of New York is the investor, Bank of America

7   is the servicer.  So Bank of America has power of

8   attorney to service the loan, take payments, do

9   modifications, things like that.

10  Q        Is there a written, contractual agreement between

11  Bank of America and Bank of New York?

12  A        Yes.

13  Q        Is that power of attorney, is that a separate

14  instrument that's already been executed?

15  A        I'm assuming it is, yes.

16  Q        Is a copy of that instrument on file with the

17  Register of Deeds for Shelby County, Tennessee, if you

18  know?

19  A        I don't know.  I'm assuming it is.

20  Q        That's something we would like to get supplemental

21  to your deposition is a copy of the servicing agreement.

22  Do you know when it was executed, if you don't mind?

23  A        No.

24  Q        And a copy of the power of attorney that was filed

6

1    with the Register of Deeds.

2    A       Would that be something you can get online?  Is

3    that public knowledge?

4    Q       The power of attorney is, yes, it should be filed

5    with the Register of Deeds.

6    A       So wouldn't you be able to get that yourself?

7    Q       If it's filed, yes.  If not, then we've got a

8    problem.

9                    MR. ENGLAND:  Just to clarify, you want

10           any power of attorney, even if there's something

11           not recorded?

12                    MR. BERKLEY:  Yes, we want to get those

13           powers of attorney.  I mean, the recorded ones is

14           what you have to have -- that's a lawyer question,

15           but we want to see any of them, but preferably the

16           ones that have been recorded.  We can look and

17           find those.

18   BY MR. BERKLEY:

19   Q       Have you testified as a 30b(6) representative

20   before?

21   A       Say that again?

22   Q       A corporate representative on behalf of a company

23   before.

24   A       Yes.

7

1   Q   The other two cases that you gave depositions in,

2   were those cases involving foreclosures or modifications

3   A   Both.

4   Q   Where were they given at?

5   A   Augusta, Georgia; Fort Lauderdale, Florida; it's

6   been several.

7   Q   Do you remember the courts you testified in those

8   depositions for?

9   A   They weren't in the court, they were in an office.

10  Q   I meant -- it was in litigation.  My bad.

11  A   Oh.  No, I don't.

12  Q   Have you reviewed any materials involved in this

13  case involving Rodney Hayes, Equilla Hayes, Bank of New

14  York as Trustee for a promissory note executed on or

15  about September 5?

16  A   Yes.

17  Q   What all did you review in the packet?

18  A   The pleadings, the note, promissory note, the deed

19  of trust.

20  Q   Which company originated the promissory note or

21  the debt?

22  A   It was America's Wholesale Lender originated it,

23  which is a subsidiary of Countrywide Home Loans.

24  Q   It's a subsidiary, you say?

000509

8

1    A        Uh-huh.

2    Q        Is American Wholesale Lenders still in existence?

3    A        I don't know.

4    Q        You don't know?

5    A        No.

6    Q        What about Countrywide Home Loans?

7    A        Countrywide merged with BAC Home Loans, then it

8    went to Bank of America.  So essentially, yes, they're

9    still in business because now it's Bank of America.

10   Q        When did that merger occur?

11   A        That's public knowledge, you can Google that.  I

12   wasn't with the bank at that time, I don't remember.

13   Q        How long have you been with the Bank, a year and a

14   half?

15   A        Year and a half.

16   Q        What is the relationship between American

17   Wholesale Lenders and Mortgage Electronic Registration

18   Systems?

19   A        Mortgage Electronic Registration Systems merged as

20   the trustee.

21   Q        What is their function?

22   A        They assign the loans or transfer the loans from

23   one to another.

24   Q        When you say loans, what pieces of paper do they

000510

1   normally transfer?

2   A       Well, the deed of trust, in this case, went from

3   America's Wholesale Lender to Bank of New York.

4   Q       Was it just the deed of trust?

5   A       And the note.  The note follows the deed of trust.

6   Q       Well, did you see the document where the deed of

7   trust was assigned?  I have some documents over here if

8   it would help.

9   A       (No response.)

10  Q       Let me sidetrack here a little bit and ask you a

11  question about some things here.  You said you reviewed

12  the pleadings.  I'll let you take a look at that.

13                  MR. BERKLEY:  We'll mark that as the next

14          exhibit.  The 30(b)(6) is the first exhibit.

15                  (30(b)6 Notice was marked as

16                  Exhibit 1.)

17  Q       Does that look like the Answer that was filed on

18  behalf of Bank of New York and other defendants in this

19  case?

20  A       It does look like it.

21  Q       And that is a complete answer or response in this

22  lawsuit from Bank of New York's position?

23  A       It looks like it, yes.

24                  MR. BERKLEY:  I'll have that marked as

10

1           the next exhibit.

2                  (Answer was marked as Exhibit 2.)

3   Q      You indicated that American Wholesale Lender was

4  subsidiary of Countrywide?

5   A     Yes.

6   Q      Explain to me again the relationship between

7  American Wholesale Lender and MERS - Mortgage Electronic

8  Registration System.

9   A     MERS assigns or transfers from one lender to the

10  other.

11   Q     The deed of trust?

12   A     Yes.

13   Q     Are these transfers recorded in the public records

14  of the counties where the real estate is located?

15   A     Yes.

16   Q     So MERS handles all of that, as far as the deed of

17  trust?

18   A     Yes.

19   Q     Are you familiar at all with Countrywide Home

20  Loans, Inc.?

21   A     Yes.

22   Q     What do you know about that entity?

23           MR. ENGLAND:  I object.  You're asking

24  her as the corporate representative of Bank of New

1   York?

2                       MR. BERKLEY:  Yes.

3                       MR. ENGLAND:  And not as her current

4           position as an employee of the Bank of America?

5           Just in her capacity as the corporate

6           representative?

7   A       I understand that Countrywide Home Loans, Inc.

8   merged with BAC Home Loans, and then they merged with

9   Bank of America, and now it's Bank of America.  That's

10  what I know about it.

11  BY MR. BERKLEY:

12  Q       But before the merger, do you have any knowledge

13  of that at all?

14  A       No, I don't.  I wasn't employed with them at that

15  time, I don't know.

16  Q       ·And you have no knowledge of Country corporately --

17  as a Bank of New York representative, you have no

18  knowledge of Countrywide Home Loans before the merger?

19  A       No.

20  Q       You haven't reviewed any documents regarding that

21  before this deposition today?

22  A       I have reviewed these documents pertaining to this

23  case that have Countrywide Home Loans' signatures on

24  them, if that's what you're getting at.  I've reviewed

12

1   other loans that were originated by Countrywide Home

2   Loans.

3   Q      Let me ask you this because you said American

4   Wholesale is a subsidiary.  Did loans transfer from

5   American Wholesale to Countrywide or did American

6   Wholesale transfer its own paper?  How did that

7   relationship work?

8   A      All I know is this loan originated by America's

9   Wholesale Lender.  I don't know how it got to Countrywide

10  Home Loans.  It's a subsidiary of Countrywide Home Loans.

11  Q      Do you have any knowledge regarding a David

12  Spector at Countrywide?

13  A      No.

14  Q      You don't know who that is?

15  A      No.

16  Q      You have no idea who he is?

17  A      No, I don't.

18  Q      If you don't know who he is, you haven't reviewed

19  any documents regarding his status or position or

20  anything else at Countrywide?

21  A      That would be redundant.

22  Q      I just have to ask the question.

23  A      No, I don't know who he is, what he is, if he even

24  exists.

13

1    Q        How did Wilson & Associates come into play in thi

2    particular case?

3    A        They are a foreclosure counselor.

4    Q        Who retained them or assigned them in this case?

5    A        Bank of America retains --

6    Q        As a servicer?

7    A        As a servicer.

8    Q        On behalf of the Bank of New York?

9    A        Correct.

10   Q        Are you familiar with letters that Wilson &

11   Associates transmits to borrowers in Tennessee?

12   A        I'm not familiar.

13   Q        Let me show you a document as an example and see

14   if you've seen this one before.

15   A        Okay.

16   Q        Have you seen that document before?

17   A        I have seen this in the file.

18   Q        Do you recognize what that is?

19   A        Notice of the right to foreclose.

20   Q        Have you seen similar documents to that in other

21   files that you've reviewed?

22   A        Not from this particular law firm, but yes, there

23   are several different letters like this.

24   Q        Is that a fairly consistent letter that Bank of

1   New York's foreclosure counsel sends out?

2   A       Since Bank of America is the servicer, it would be

3   Bank of America that would have these sent out, or the

4   foreclosure counsel would do that.

5   Q       But the letters are similar in each instance?

6   A       Similar.

7   Q       You don't review, specifically, Tennessee letters

8   like this, do you?

9   A       Not very often.  Sometimes.

10   Q       Are they all consistent with this letter, the

11   Tennessee letters?

12   A       I would imagine that they are.

13   Q       About how many Tennessee letters have you seen

14   since you've been at Bank of America?  Estimate is fine;

15   you don't have to know precisely.

16   A       Not very many.  A couple.  I haven't had very many

17   Tennessee cases, honestly.

18   Q       And you've been there a year and a half?

19   A       Yes.

20                   MR. BERKLEY:  Mark that the next exhibit.

21                   (Wilson & Associates letter was marked as

22                   Exhibit 3.)

23   Q       You said a couple?  More than five?

24   A       Maybe five, maybe.

15

1  Q      Let me show you next an electronic foreclosure

2  notice and have that marked as the next numbered exhibit

3  Have you seen that document before in the file?

4  A      I believe so.

5  Q      Do you recognize what that is?

6  A      It's a foreclosure notice.

7  Q      Is that a foreclosure notice that was published in

8  the paper and on the Internet?

9  A      It looks like it, yes.

10             MR. BERKLEY:  Mark that the next exhibit.

11             (Electronic Foreclosure Notice was marked

12             as Exhibit 4.)

13  Q      Have you seen similar notices like that, like

14  Exhibit 4, for Tennessee foreclosures, since you've been

15  with Bank of America?

16  A      I don't recall for Tennessee.

17  Q      Okay.  And you said you've seen maybe five of

18  Exhibit 3?

19  A      Give or take.

20  Q      Give or take?

21  A      Yes.

22  Q      Do you remember if those deeds of trust were

23  executed before 2006?

24  A      I don't recall.

16

1    Q       Does Bank of New York handle the appointment of

2    successor trustees through its power of attorney

3    servicing agreement -- excuse me, that was badly phrased.

4            Does Bank of America, as servicer of Bank of New

5    York, handle the appointment of successor trustees?

6    A       I don't know.  I work in the Litigation Department

7    so I don't originate loans or handle any of that type of

8    situation or procedure so I don't know who the actual

9    appointment...

10               MR. BERKLEY:  Let's mark this for

11          identification.

12               (Appointment of Successor Trustee was

13               marked as Exhibit 5-ID.)

14   Q       On Exhibit 5-ID you can't speak to whether this is

15   a valid appointment of successor trustee then, can you,

16   because it says Bank of New York Mellon -- not Bank of

17   New York Mellon at the bottom, it does not say Bank of

18   America.

19   A       What was your question?

20   Q       So you can not tell us whether this is a valid

21   appointment of successor trustee then, can you, as the

22   corporate representative of Bank of New York Mellon?

23   A       It looks valid to me.

24   Q       But doesn't Bank of America handle the appointment

000018

1   of successor trustees?

2   A      I don't know.

3   Q      You don't know?  So you're not certain as to this

4   document then, are you?

5   A      If it's correct?

6   Q      Do you know?

7   A      Let me back up and ask the question again.

8          Is it the normal practice and habit of Bank of

9   America to handle the appointment of successor trustees

10  for Bank of New York Mellon?

11  A      Yes, I would assume so, since they do all the

12  servicing, they have power of attorney for Bank of New

13  York.

14  Q      Was that true in September 2008?

15  A      I don't know, I didn't work for the bank or any --

16  Bank of America in 2008.

17  Q      So you are not sure if Exhibit 5-ID is valid and

18  authentic then, are you?

19  A      I can't agree or disagree with that.

20  Q      That's fair enough.  And MERS's function is purely

21  to assign the deed of trust, the security instrument

22  itself, correct?

23  A      Yes.

24  Q      To close the loop up -- I know the answer based on

18

1    what you previously told us, but you don't know anything

2    about CWABS, Inc., asset backed Certificates 2005-13,

3    about that organization, the trust that allegedly --

4    A        The pooling and servicing agreement?

5    Q        Tell us what you know about that.

6    A        It's how the loan was securitized.  That's all I

7    can tell you about that.

8    Q        Explain to us what securitized means.

9    A        It's a part of pulling and servicing agreement,

10   which I can't even explain it, I don't even know.

11   Q        Okay, that's fair, that's good enough.

12   A        So I don't know anything about CW- --

13   Q        -- -ABS?  You don't know anything about CWABS,

14   Inc.; asset backed certificates of trust 2005-13?

15   A        No.

16   Q        The follow-up question, you don't know anything

17   about David Spector's involvement with that trust or

18   instrument or entity?

19   A        No, I don't know.

20   Q        You don't know anything at all about him, period?

21   A        I don't know anything about him.

22              MR. BERKLEY:  We can go off the record.

23              (Off the record discussion.)

24   Q        Are you familiar with the terms of the deed of

000520

1    trust executed by Mr. Hayes and Mrs.

2    A       Yes.

3    Q       Have you reviewed it?

4    A       Yes.

5    Q       I don't necessarily have to make this an exhibit

6    because it was part of the pleadings in this case, but

7    I'm going to show it to you and ask you a simple question

8    about it.

9                    (Off the record discussion.)

10   Q       Let me show you a document, it's part of the

11   pleadings and it's of public record in Shelby County.

12   I'll show it to you and ask you if you recognize what

13   that is.

14   A       It's the deed of trust for the property.

15   Q       When was it executed, please, ma'am?  I can get

16   you a better copy if you need one.

17   A       September 9, 2005.

18   Q       Turn with me, if you would, to paragraph 22 of the

19   deed of trust.  What is that paragraph styled?

20   A       Acceleration.

21   Q       Does it require that a letter be sent to the

22   borrower?

23                   MR. ENGLAND:  I object; the document

24       speaks for itself.

20

1    BY MR. BERKLEY:

2    Q       Was that done in this case?  Was an acceleration

3    letter sent to the borrower?

4    A       The notice of the right to foreclose was.  Wasn't

5    that the acceleration notice, would that be...

6    Q       That's a question for him.  But was there a

7    separate letter sent out that talks about the

8    requirements of paragraph 22 of the deed of trust?

9    A       I don't recall.

10   Q       Have you seen anything that looked like an

11   acceleration letter that complied with paragraph 22 of

12   the deed of trust?

13   A       I don't recall.

14   Q       I think you mentioned a notice of right to

15   foreclose letter, I think you referenced that.  That's

16   Exhibit 3.

17   A       Yes.

18   Q       Is that the only document that you know of, that

19   notice to borrowers, that they were about to be

20   foreclosed on?

21   A       I don't recall.

22   Q       Is there any document or anything in your lawyer's

23   file or the file that you brought with you that would

24   help you to refresh your recollection on this particular

1    question, as we sit here in the depo

2    A         Possibly.

3                    MR. BERKLEY:  Let's

4         if we can find something to 1

5         recollection about that.

6                    (RECESS)

7    BY MR. BERKLEY:

8    Q         You've had an opportunity to review documents with

9    Counsel.  What do you have that would refresh your

10   recollection about an acceleration letter?

11   A         The Notice of Default Acceleration.

12   Q         When is that letter dated?

13   A         March 5, 2007.

14   Q         Was there any other document that you could find

15   that would refresh your recollection about a Notice of

16   Acceleration other than that one?

17   A         This is the Notice of Acceleration.

18   Q         Let me look at that.  Do you know if there was an

19   intervening Bankruptcy that took care of that Notice of

20   Default and Acceleration?

21   A         Say that again.

22   Q         Was there a Notice of Chapter 13 Bankruptcy that

23   would have stopped the operation of this Notice of

24   Default and Acceleration, that you know of?

1    A        No, I don't know.

2    Q        The document that was refreshing you

3    was a March 5, 2007, letter are from Countrywide Home

4    Loans, Inc. addressed to Mr. Rodney L. Hayes.  Was there

5    another letter sent out to Mrs. Equilla Hayes that you

6    know of with the same date on it?

7    A        No.

8    Q        There wasn't?

9    A        There wasn't.

10   Q        What did you do to prepare for your deposition

11   today, ma'am?

12   A        Reviewed the loan documents, pleadings, and marked

13   the systems at work.

14   Q        The what system?

15   A        Our computer systems.

16   Q        You said it was called what?

17   A        The computer systems at work?

18   Q        I thought you said it was called MarKay or

19   something like that?

20   A        No.

21   Q        Just computer systems at work.  Was there anything

22   on the computers at work in electronic form that has not

23   been reduced to paper, such as emails, texts, other

24   messages, regarding Mr. Hayes and Mrs. Hayes, that you

1   saw?

2   A      No, everything is on paper.

3   Q      Everything is on paper?

4   A      On my computer.

5   Q      You didn't discuss any of your testimony with

6   anybody during the break, did you, the contents of your

7   testimony; not what you were getting ready to refresh

8   your recollection about?  Like make a phone call or

9   anything of that nature?

10  A      No.

11  Q      To your knowledge, there have been no -- of this

12  deed of trust, there have been no amendments or addendums

13  to it since September 9, 2005?

14  A      I don't know.

15  Q      You don't know?  You haven't seen any documents

16  that would purport to say that?

17  A      I believe there was one done in 2011.

18  Q      Which was what?

19  A      I don't recall.  I'm sure you have it.

20  Q      No, I don't have that one.

21  A      You don't?  Okay.

22             MR. BERKLEY:  Let's go off the record.

23             (Off the record discussion.)

24             MR. BERKLEY:  I think Counsel stipulated

24

1          that there's been no amendments or addendums to

2          the September 9, 2005, deed of trust executed by

3          Rodney and Equilla Hayes that are the subject of

4          this lawsuit.

5                    MR. ENGLAND:   That's correct, no

6          amendments.

7                    (Off the record discussion.)

8   BY MR. BERKLEY:

9   Q      Did MERS transfer the deed of trust from American

10  Wholesale to Bank of America?

11  A      Yes.

12  Q      When we talk about a deed of trust, we're

13  referring to the security instrument itself?

14  A      Right.

15  Q      I asked you about Bank of America.  Did they then

16  transfer to Bank of New York Mellon?

17                   MR. ENGLAND:   I'll object to that.

18         There's a recorded assignment of how the

19         instrument was assigned.  It speaks for itself

20         instead of memory.

21                   MR. BERKLEY:   I tender the witness,

22         subject to any follow-up questions.  I've talked

23         long enough.

24

25

```
1                    MR. ENGLAND:  First of all, can we mark
2           this Notice as an exhibit for identification
3           purposes?  We talked about that.
4                    (Notice was marked as Exhibit 6-ID.)
5    CROSS-EXAMINATION
6    BY MR. ENGLAND:
7    Q      I just wanted to ask about the notices.  Counsel
8    asked you about Bank of New York sending those notices.
9    Does Bank of New York typically send notices?
10   A      No.
11   Q      Who would typically send the notices?
12   A      Bank of America.
13   Q      As the servicer?
14   A      Yes.
15                   MR. ENGLAND:  That's all I've got.
16   REDIRECT-EXAMINATION
17   BY MR. BERKLEY:
18   Q      I've just got one follow-up question.  You know
19   what it is.  So if you don't know who David Spector is or
20   anything about him, you can't testify about his signature
21   on any document, period; is that a correct statement?
22   A      Correct.
23                   MR. ENGLAND:  As far as the line of
24           questioning about Mr. Spector, I sent Counsel a
```

26

letter objecting to this and I reiterate those
objections.  If you want to make a copy of that
letter an exhibit to this, that's fine, it doesn't
matter to me.  We can discuss that off the record.

    MR. BERKLEY:  That's fine.

    MR. ENGLAND:  But I just wanted to state
that Mr. Spector is not a Bank of New York Mellon
employee, he's not related to that entity; that
would be a separate entity.

    MR. BERKLEY:  We can print it and make a
copy Exhibit 7 for identification.

    (England letter was marked Exhibit 7-ID.)

    MR. ENGLAND:  If you don't mind.

    MR. BERKLEY:  I just have to download it
and print it.

    I think that's all the questions I have.

    FURTHER THIS DEPONENT SAITH NOT

27

STATE OF TENNESSEE
                                ss              C E R T I F I C A T E
COUNTY OF SHELBY

     I, Sally A. Workman, Notary Public at Large for the State of Tennessee, do hereby certify that I reported in machine shorthand the deposition of ALISHA NIESWIADOMY after the said witness was duly sworn by me.

     I hereby certify that the foregoing pages were printed under my personal supervision and that they constitute a true record of the proceedings had.

     I further certify that I am not an attorney or counsel of any of the parties, nor a relative or employee of any attorney or counsel connected with the action, nor am I financially interested in the action.

     Witness my hand and official seal in the State of Tennessee on March 31, 2013.

_Sally A Workman_

SALLY A. WORKMAN,
Court Reporter, and
Notary Public

My Commission Expires:
   March 23, 2016
   TN License #481

IN THE CHANCERY COURT OF SHELBY COUNTY, TENNESSEE
FOR THE THIRTIETH JUDICIAL DISTRICT AT MEMPHIS

LEGACY AUTO SALES, LLC,
RODNEY L. HAYES,
EQUILLA L. HAYES

     Plaintiff,

VS.

                               No. CH-11-1634

                               PART 2

BANK OF NEW YORK MELLON, AS TRUSTEE
FOR THE CERTIFICATE HOLDERS OF CWABS Inc.,
ASSET BACKED CERTIFICATES 2005-13,
WILSON & ASSOCIATES, PLLC,
SHELLIE WALLACE, CWABS Inc.,
ASSET BACKED CERTIFICATES 2005-13

     Defendants

## 30.02(6) NOTICE OF DEPOSITION FOR BANK OF NEW YORK MELLON

     PLEASE TAKE NOTICE that pursuant to Rule 30.02(6) of the Tennessee Rules of Civil Procedure the Plaintiffs will take the deposition of the officials and/or persons designated by BANK OF NEW YORK MELLON to testify with regards to the following matters:

1.   Any and all assignments of the subject promissory note executed by Rodney Hayes and Equilla Hayes on September 5, 2005 and referenced in Exhibit F to the Verified Complaint.

2.   Any and all assignments of the promissory note executed on September 5, 2005 by Rodney and Equilla Hayes to Bank of New

York Mellon or to the Certificate Holders of CWABS Inc., Asset Backed Certificates 2005-13.

3. Any and all RESPA notices of the assignments described in paragraphs 1 and 2 above.

4. Any and all assignments of the subject deed of trust executed by Rodney Hayes and Equilla Hayes on September 21, 2005 and referenced in Exhibit F to the Verified Complaint.

5. Any and all assignments of the deed of trust executed on September 21, 2005 by Rodney and Equilla Hayes to Bank of New York Mellon or to the Certificate Holders of CWABS Inc., Asset Backed Certificates 2005-13.

6. Any and all RESPA notices of the assignments described in paragraphs 4 and 5 above.

7. David A. Spector's status as a Managing Director of Countrywide Homeloans, Inc., on and after September 5, 2005.

8. Please bring with you these copies of the following documents:

   a. Any and all assignments of the subject promissory note executed by Rodney Hayes and Equilla Hayes on or about September 5, 2005 and referenced in Exhibit F to the Verified Complaint.

   b. Any and all RESPA notices of the assignments described in paragraph a above.

2

000631

c. Any and all assignments of the subject deed of trust executed by Rodney Hayes and Equilla Hayes on or about September 21, 2005 and referenced in Exhibit F to the Verified Complaint.

d. Any and all RESPA notices of the assignments described in paragraph c above.

e. Any and all documentation, including minutes, employment agreements that support that David A. Spector was a managing director of Countrywide Home Loans, Inc., on and after September 5, 2005.

The deposition will commence at 10:00 a.m on Friday March 22, 2013 at the offices of 81 Monroe Avenue Ste 400 Memphis, Tennessee 38103 by agreement.  The deposition will be taken stenographically.  The depositions will continue from day to day until completed.

Respectfully submitted,

DRAYTON D. BERKLEY, ESQ.
81 Monroe, Suite 400
Memphis, Tennessee  38103
Telephone: (901) 507-2521
Fax: (901) 507-1791

## CERTIFICATE OF SERVICE

The undersigned hereby certifies a copy of the foregoing has been served upon counsel for the defendants in the U.S. Mail, first class postage paid and properly addressed to:

Paul A. England, Esq

3

090532

Stites & Harbison PLLC
401 Commerce Street Ste 800
Memphis, TN 37219
Attorneys for Bank of New York Mellon as Trustee
For the Certificate Holders of CWABS, Inc., Asset Backed
Certificates 2005-13

This the 22nd day of March 2013.

DRAYTON D. BERKLEY, ESQ.

4

IN THE CHANCERY COURT OF SHELBY COUNTY, TENNESSEE
FOR THE THIRTIETH JUDICIAL DISTRICT AT MEMPHIS

LEGACY AUTO SALES, LLC,
RODNEY L. HAYES,
EQUILLA L. HAYES
    Plaintiff,

v.

                                  Case No. 11-1634

BANK OF NEW YORK MELLON, AS
TRUSTEE FOR THE CERTIFICATE
HOLDERS OF CWABS INC., ASSET
BACKED CERTIFICATES 2005-13,
WILSON & ASSOCIATES, PLLC,
SHELLIE WALLACE, CWABS INC.,
ASSET BACKED CERTIFICATES 2005-13
    Defendants.

## DEFENDANTS THE BANK OF NEW YORK MELLON, AS TRUSTEE FOR THE CERTIFICATE HOLDERS OF CWABS, INC., ASSET BACKED CERTIFICATES 2005-13 AND CWABS, INC., ASSET BACKED CERTIFICATES 2005-13 ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFFS' FIRST AMENDED COMPLAINT

Defendants The Bank of New York Mellon, as Trustee for the Certificate Holders of CWABS, Inc., Asset Backed Certificates 2005-13 and CWABS, Inc., Asset Backed Certificates 2005-13 (hereinafter "BNYM" or "answering Defendants"), by and through counsel, hereby submit the following Answer and Affirmative Defenses to Plaintiffs' First Amended Complaint:

### ANSWER

1.    It is admitted upon information and belief that Plaintiff, Legacy Auto Sales, LLC is a limited liability company organized and existing under the laws of the State of Tennessee with its principal place of business in Memphis, Shelby County, Tennessee. Answering Defendants are without knowledge or information sufficient to form a belief



as to the truth of the remaining allegations of this paragraph which are therefore deemed denied.

2.      The allegations in Paragraph 2 are admitted upon information and belief.

3.      The allegations in Paragraph 3 are admitted upon information and belief.

4.      Denied. Defendant The Bank of New York Mellon, formerly known as The Bank of New York, is a New York state chartered bank with its principal place of business in New York. It is a subsidiary of The Bank of New York Mellon Corporation, a bank holding company incorporated in Delaware with its principal place of business in New York. Except as specifically admitted herein, the remaining allegations in Paragraph 4 are denied.

5.      It is admitted upon information and belief that Wilson & Associates, PLLC is a limited liability company organized and existing under the laws of the State of Arkansas with its principal place of business at 1521 Merrill Drive Ste D-220 Little Rock, Arkansas 72211. Except as specifically admitted herein, the remaining allegations in Paragraph 5 are denied. Further, by Order of the Court, Wilson & Associates, PLLC and Shellie Wallace have been dismissed from this case.

6.      The allegations in Paragraph 6 state legal conclusions to which no response is required. To the extent a response to these allegations is required, answering Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph which are therefore deemed denied. Further, by Order of the Court, Wilson & Associates, PLLC and Shellie Wallace have been dismissed from this case.

000535

7.     Admitted on information and belief that CWABS, Inc. is a corporation organized and existing under the laws of the State of Delaware with its principal place of business at 4500 Park Granada, Calabasas CA 91302.  The remaining allegations of this paragraph are denied.

8.     The allegations in paragraph 8 reference a document or documents which speak for themselves, thus no response is required.

9.     The allegations in paragraph 9 reference a document or documents which speak for themselves, thus no response is required.

10.     The allegations in paragraph 10 reference a document or documents which speak for themselves, thus no response is required.  To the extent the allegations of this paragraph state conclusions of law, no response is required.  To the extent that a response is required, the allegations this paragraph are denied.

11.     The allegations in paragraph 11 reference a document or documents which speak for themselves, thus no response is required.

12.     The allegations in paragraph 12 reference a document or documents which speak for themselves, thus no response is required.

13.     The allegations in paragraph 13 reference a document or documents which speak for themselves, thus no response is required.

14.     The allegations in paragraph 14 reference a document or documents which speak for themselves, thus no response is required.

15.     The allegations in paragraph 15 reference a document or documents which speak for themselves, thus no response is required.

16.     The allegations in paragraph 16 reference a document or documents which speak for themselves, thus no response is required.

17.     The allegations in paragraph 17 reference a document or documents which speak for themselves, thus no response is required.

18.     The allegations in paragraph 18 are denied.

19.     The allegations in paragraph 19 reference a document or documents which speak for themselves, thus no response is required.

## I.  FIRST CAUSE OF ACTION

20.     Answering Defendants adopt and incorporate their answers to the preceding paragraphs of this First Amended Complaint as if set forth fully herein.  The remaining allegations in paragraph 20 reference a document or documents which speak for themselves, thus no response is required.

21.     The allegations in paragraph 21 state legal conclusions to which no response is required. To the extent that a response is required, the allegations of this paragraph are denied.

22.     The allegations in Paragraph 22 state legal conclusions to which no response is required. To the extent that a response is required, the allegations of this paragraph are denied.

## II.  SECOND CAUSE OF ACTION

23.     Answering Defendants adopt and incorporate their answers to the preceding paragraphs of the First Amended Complaint as if set forth fully herein.

24.     The allegations in paragraph 24 state legal conclusions to which no response is required. To the extent that a response is required, the allegations this paragraph are denied.

25.     The allegations in paragraph 25 state legal conclusions to which no response is required. To the extent that a response is required, the allegations of this paragraph are denied.

26.     The allegations in paragraph 26 are denied.

### III. THIRD CAUSE OF ACTION

27.     Answering Defendants adopt and incorporate their answers to the preceding paragraphs of the First Amended Complaint as if set forth fully herein.

28.     The allegations in paragraph 28 state legal conclusions to which no response is required. To the extent that a response is required, the allegations of this paragraph are denied.

### IV. FOURTH CAUSE OF ACTION

27.     Answering Defendants adopt and incorporate their answers to the preceding paragraphs of the First Amended Complaint as if set forth fully herein.

28.     The allegations in the second paragraph numbered 28 state legal conclusions to which no response is required. To the extent that a response is required, the allegations of this paragraph are denied.

### V. FIFTH CAUSE OF ACTION

27.     Answering Defendants adopt and incorporate their answers to the preceding paragraphs of the First Amended Complaint as if set forth fully herein.

28.     The allegations in third paragraph numbered 28 are denied. To the extent that a response is required, the allegations of this paragraph are denied.

## VI.  SIXTH CAUSE OF ACTION (incorrectly titled Fourth Cause of Action)

29.     Answering Defendants adopt and incorporate their answers to the preceding paragraphs of the First Amended Complaint as if set forth fully herein.

30.     The allegations in paragraph 30 are denied.

## VII.  SEVENTH CAUSE OF ACTION (incorrectly titled Fifth Cause of Action)

31.     Answering Defendants adopt and incorporate their answers to the preceding paragraphs of the First Amended Complaint as if set forth fully herein.

32.     The allegations in paragraph 32 are denied.

## VIII.  EIGHTH CAUSE OF ACTION (incorrectly titled Sixth Cause of Action)

33.     Answering Defendants adopt and incorporate their answers to the preceding paragraphs of the First Amended Complaint as if set forth fully herein.

34.     The allegations in paragraph 34 state legal conclusions to which no response is required. To the extent that a response is required, the allegations of this paragraph are denied.

## IX.  NINTH CAUSE OF ACTION (incorrectly titled Seventh Cause of Action)

35.     Answering Defendants adopt and incorporate their answers to the preceding paragraphs of the First Amended Complaint as if set forth fully herein.

36.     The allegations in paragraph 36 state legal conclusions to which no response is required.  To the extent that a response is required, the allegations in paragraph 36 are denied.

37.    The allegations in paragraph 37 state legal conclusions to which no response is required.  To the extent that a response is required, the allegations in paragraph 37 are denied.

## GENERAL DENIAL

Answering Defendants hereby deny all allegations in the First Amended Complaint not expressly admitted.

## AFFIRMATIVE DEFENSES

Answering Defendants reserve the right to rely upon the following affirmative defenses to the claims asserted in Plaintiffs' First Amended Complaint to the extent supported by evidence later developed or facts later learned, without now assuming the burden of proof on any such defense that would otherwise rest on Plaintiffs and with the reservation of their right to amend or supplement their responses to Plaintiffs' First Amended Complaint, as well as their affirmative defenses, as information is gathered through discovery:

## FIRST DEFENSE

Plaintiffs' First Amended Complaint fails to state a claim upon which relief may be granted.

## SECOND DEFENSE

Answering Defendants state that at all times relevant hereto answering Defendants administered and conducted themselves in conformity with applicable laws and regulations.

## THIRD DEFENSE

The First Amended Complaint is barred, in whole or in part, to the extent that answering Defendants' alleged actions were justified.

## FOURTH DEFENSE

Answering Defendants state that at all times relevant hereto they conducted themselves in good faith.

## FIFTH DEFENSE

Plaintiffs' claims are barred in whole or in part, or are subject to reduction, by the affirmative defenses of accord and satisfaction; estoppel; laches; payment; release; res judicata; unclean hands; statute of limitations; failure to mitigate damages; statute of frauds; statutory protection and immunities; improper party; and any other matter constituting an affirmative defense which may become apparent through the course of discovery.

## SIXTH DEFENSE

Plaintiffs have suffered no damages resulting from any conduct on the part of answering Defendants.

## SEVENTH DEFENSE

Any and all damages incurred by Plaintiffs were the direct and proximate result of the acts or omissions of a person or entity other than answering Defendants.

## EIGHTH DEFENSE

Answering Defendants owed no duty of care to Plaintiffs.

## NINTH DEFENSE

Any award of damages to the Plaintiffs is subject to any applicable statutory caps.

## TENTH DEFENSE

Plaintiffs failed to mitigate, minimize, or avoid costs associated with their claims.

## ELEVENTH DEFENSE

Plaintiffs' claims are barred by their own contributory negligence.

**WHEREFORE,** answering Defendants, having answered and raised affirmative defenses in response to the First Amended Complaint, respectfully request that the Court enter an order (1) dismissing the First Amended Complaint with prejudice; (2) entitling answering Defendants to recover the costs incurred in defending this action, including attorneys' fees; (3) finding in the answering Defendants' favor and entering judgment in the answering Defendants' favor on all counts of the First Amended Complaint; and (4) granting such other and further relief that the Court may deem just and proper.

This the 26th day of November, 2012.

Respectfully submitted,

Paul Allen England (BPR No. 26288)
Stites & Harbison, PLLC
401 Commerce Street
Suite 800
Nashville, TN  37219-2376
Telephone:  (615) 244-5200

*Counsel for Defendants Bank of New York Mellon, as Trustee for the Certificate Holders of CWABS, Inc., Asset Backed Certificates 2005-13 and CWABS, Inc., Asset Backed Certificates 2005-13*

968710:1: NASHVILLE

9

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing document was served by United States First Class Mail, postage prepaid, on this 20th day of November, 2012 upon:

Drayton D. Berkley, Esq.
The Businessmen's Club
81 Monroe Avenue, Suite 400
Memphis, TN 38103

*Counsel for Plaintiffs*

Paul Allen England



**Wilson & Associates, P.L.L.C.**
Attorneys at Law – Arkansas and Tennessee
1521 Merrill Drive, Suite D-220
Little Rock AR 72211
501-219-9388
Fax: 501-219-9458
Internet: www.wilson-assoc.com

THIS LAW FIRM IS A DEBT COLLECTOR ATTEMPTING TO COLLECT A DEBT. ANY INFORMATION OBTAINED CAN BE USED FOR THE PURPOSE OF COLLECTING THE DEBT.

July 22, 2011

NOTICE OF THE RIGHT TO FORECLOSE

Ms. Lynette Hayes
485 Military Cove
Collierville, TN 38017

RE:   Rodney L. Hayes and Lynette Hayes
485 Military Cove
Collierville, Tennessee 38017
Loan No. 110965368 / W&A No. 726-120648

Dear Ms. Hayes:

The holder of the mortgage, deed of trust or lien on your property has the right to begin the process of foreclosing on the debt and may sell your property at public auction to satisfy the debt at any time after sixty (60) days from the date of this notice of the right to foreclose for a period of twelve (12) months without sending you another notice of right to foreclose.

You should IMMEDIATELY contact your lender/servicer, whose contact information is provided below, to discuss repayment options for which you may qualify, or if none are available, foreclosure alternatives such as short sale or deed in lieu of foreclosure. Failure to satisfy your payment obligations may result in loss of your home.

Debt counseling may be available in your area. You can determine if debt counseling is available in your area and locate an approved counselor at the U.S. Department of Housing and Urban Development (HUD) web site at www.HUD.gov.

You may also be eligible for certain Federal loan modifications programs. You should review your options under these programs immediately at the Department of Housing and Urban Development web site (www.HUD.gov) and/or at other applicable web sites, and consult your lender/servicer. If you wish to participate in one of these programs, you must make timely application as required by the program. You should notify the lender/servicer of your interest in participating in one of these programs.

**YOU MUST ACT IMMEDIATELY IF YOU WISH TO TRY TO SAVE YOUR HOME**

Your Loan Servicer's/Lender's Contact Information:

BAC Home Loans Servicing, LP
Loan Counseling Center
4500 Amon Carter Blvd.
Fort Worth, TX 76155
Mailcode: TX2-979-01-16
Phone: 1.800.669.0102    Fax: 1.800.658.0395

Web site: www.bankofamerica.com



Government Loan Modification Program web site and contact information:
To speak with a HUD-approved housing counselor for free: 1-888-995-HOPE (4673)
Online at: http://makinghomeaffordable.gov

Sincerely,

WILSON & ASSOCIATES, P.L.L.C.

Shellie Wallace

CtoDebtor60dayNoticeBAC_3_mpettus_110722_808



# Foreclosure Notice

Print

X

| | |
|---|---|
| Borrower: | |
| Address: | Rodney L Hayes |
| | 485 Military Cv |
| | Collierville, TN 38017-3410 |
| Original Trustee: | Arnold M. Weiss, Attorney |
| Attorney: | Wilson & Associates |
| Instrument No.: | 05155937 |
| Substitute Trustee: | Shellie Wallace |
| Advertised Auction Date: | 10/28/2011 |
| Date of First Public Notice: | 9/27/2011 |
| Trust Date: | 9/9/2005 |
| TDN No.: | Fgd95018 |

## NOTICE OF TRUSTEE'S SALE

WHEREAS, default has occurred in the performance of the covenants, terms, and conditions of a Deed of Trust Note dated September 9, 2005, and the Deed of Trust of even date securing the same, recorded September 21, 2005, as Instrument No. 05155937 in Office of the Register of Deeds for Shelby County, Tennessee, executed by Rodney L. Hayes and Lynette Hayes a/k/a Equilla Lynette Hayes, conveying certain property therein described to Arnold M. Weiss, Attorney as Trustee for Mortgage Electronic Registration System, INC.as nominee for Americas Wholesale Lender; and the undersigned, Shellie Wallace of Wilson & Associates, P.L.L.C., having been appointed Successor Trustee.

NOW, THEREFORE, notice is hereby given that the entire indebtedness has been declared due and payable; and that an agent of Shellie Wallace of Wilson & Associates, P.L.L.C., as Successor Trustee, by virtue of the power, duty, and authority vested in and imposed upon said Successor Trustee will, on October 28, 2011 on or about 12:00 P.M., at the Shelby County Courthouse, Memphis, Tennessee, offer for sale certain property hereinafter described to the highest bidder FOR CASH, free from the statutory right of redemption, homestead, dower, and all other exemptions which are expressly waived in the Deed of Trust, said property being real estate situated in Shelby County, Tennessee, and being more particularly described as follows:

Lot 207, Final Plat, Phase II, Estanaula Trails Subdivision, as shown on plat of record in Plat Book 184, Page 9, in the Register's Office of Shelby County, Tennessee, to which plat reference is hereby made for a more particular description of said property.

ALSO KNOWN AS: 485 Military Cove, Collierville, Tennessee 38017

The HB 3588 letter was mailed to the borrower(s) pursuant to Tennessee Code Annotated 35-5-117. This sale is subject to all matters shown on any applicable recorded plat; any unpaid taxes; any restrictive covenants, easements, or setback lines that may be applicable; any statutory rights of redemption of any governmental agency, state or federal; any prior liens or encumbrances as well as any priority created by a fixture filing; and to any matter that an accurate survey of the premises might disclose. In addition, the following parties may claim an interest in the above-referenced property: US Bank National Association; Tennessee Department of Revenue; Internal Revenue Service; Household Financial Center, Inc.; River City Motors; US Bank National Association; Estanaula Trails Homeowners Association, Inc.; Rodney L. Hayes; Lynette Hayes a/k/a Equilla Lynette Hayes;

The sale held pursuant to this Notice may be rescinded at the Successor Trustee's option at any time. The right is reserved to adjourn the day of the sale to another day, time, and place certain without further publication, upon announcement at the time and place for the sale set forth above. W&A No. 726-120648

DATED September 22, 2011
WILSON & ASSOCIATES, P.L.L.C.,
Successor Trustee
By: Shellie Wallace
FOR SALE INFORMATION, VISIT WWW.MYFIR.COM and WWW.REALTYTRAC.COM

Sept. 27, Oct. 4, 11, 2011   Fgd95018

Help | Privacy Policy

Copyright 2011 The Daily News

G

This Instrument Prepared by:
*WILSON & ASSOCIATES, P.L.L.C.*
1521 Merrill Drive, Suite D-220
Little Rock, Arkansas 72211
(501) 219-9388

# APPOINTMENT OF SUCCESSOR TRUSTEE

WHEREAS, on September 9, 2005, Rodney L. Hayes and Lynette Hayes a/k/a Equilla Lynette Hayes executed a Deed of Trust in favor of Arnold M. Weiss, as Trustee for Mortgage Electronic Registration Systems, Inc., as a separate corporation that is acting solely as a nominee for America's Wholesale Lender and America's Wholesale Lender's successors and assigns, to secure the payment of a Deed of Trust Note of even date therewith in the principal amount of three hundred seventy-six thousand and 00/100 DOLLARS ($376,000.00), and payable to Mortgage Electronic Registration Systems, Inc., as a separate corporation that is acting solely as a nominee for America's Wholesale Lender and America's Wholesale Lender's successors and assigns; and

WHEREAS, said Deed of Trust was duly recorded September 21, 2005, as Instrument No. 05155937 in the Register's Office of Shelby County, Tennessee.

NOW, THEREFORE, the undersigned owner and holder of said Deed of Trust and Deed of Trust Note, for satisfactory reasons and in accordance with the terms and conditions of said Deed of Trust, does nominate and appoint Shellie Wallace as Successor Trustee and Greg Ivester as Co-Trustee. As Successor Trustee, Shellie Wallace acts in the place and stead of the aforementioned Trustee named in said Deed of Trust, and said Shellie Wallace, as said Successor Trustee, is vested with all rights, powers, duties, privileges, and immunities of the original Trustee named in said instrument. As Co-Trustee, Greg Ivester is authorized to execute any deeds or notices in the stead of the Successor Trustee. All actions taken by the Successor Trustee and Co-Trustee are hereby ratified and approved. All other Appointments of Successor Trustee in connection with said property are hereby REVOKED.

Beneficiary has appointed the substitute trustee prior to the first notice of publication as required by T.C.A. §35-5-101 and ratifies and confirms all actions taken by the substitute trustee subsequent to said date of substitution and prior to the recording of this substitution.

IN WITNESS WHEREOF, the owner and holder of said Deed of Trust and Deed of Trust Note has caused this instrument to be executed by and through its duly authorized representative on this _____ day of __SEP 27 2008__, _____.

Bank of New York as trustee for the certificateholders CWABS, Inc. Asset-Backed Certificates, Series 2005-13

726-120648

Fogo Lataamworka, Shelby County Register of Deeds. Instr. # 08131046

By: _____

Title: _KIMBERLY DAWSON, 1ST VICE PRESIDENT_

## ACKNOWLEDGMENT

STATE OF _____

COUNTY OF _____

Before me, the undersigned notary public of the state and county aforesaid, personally appeared _KIMBERLY DAWSON, 1ST VICE PRESIDENT_, with whom I am personally acquainted (or proved to me on the basis of satisfactory evidence), and who, upon oath, acknowledged such person to be the president (or other such officer authorized to execute the instrument) of Bank of New York as trustee for the certificateholders CWABS, Inc. Asset-Backed Certificates, Series 2005-13, the within-named bargainor, a corporation, and that such officer executed the foregoing instrument for the purposes therein contained by personally signing the name of the corporation.

Witness my hand and seal at office in _Plano, Tx_ this _____ day of _____ !SEP 2 7 2008 _____ .

SOPHIA L CUMMINGS
My Commission Expires
May 11, 2011

Notary Public

My Commission Expires: _____

DAOST_eperez_080910_1630

726-120648                                     2

000548



**Countrywide**
HOME LOANS

P.O. Box 660694
Dallas, TX 75266-0694

Business Address:
7105 Corporate Drive
Plano, TX 75024-4100

Send Payments to:
PO Box 660694
Dallas, TX 75266-0694

March 5, 2007

Rodney L Hayes
485 MILITARY CV
COLLIERVILLE, TN 38017-3410

Account No.: 110965368
Property Address:
485 Military Cv
Collierville, TN 38017

## NOTICE OF DEFAULT AND ACCELERATION

Dear Rodney L Hayes:

Countrywide Home Loans Servicing LP (hereinafter "Countrywide") services the home loan described above on behalf of the holder of the promissory note (the "Noteholder"). The loan is in serious default because the required payments have not been made. The total amount now required to reinstate the loan as of the date of this letter is as follows:

| Monthly Charges: | 02/01/2007 | - | 02/28/2007 | @ | $2,643.69 | $2,643.69 |
|---|---|---|---|---|---|---|
| | 03/01/2007 | - | 03/31/2007 | @ | $2,661.27 | $2,661.27 |
| Late Charges: | 02/01/2007 | - | 02/28/2007 | @ | $130.55 | $130.55 |
| Other Charges: | | Total Late Charges: | | | | $0.00 |
| | | Uncollected Costs: | | | | $12.50 |
| | | Partial Payment Balance: | | | | ($0.00) |
| | | **TOTAL DUE:** | | | | **$5,448.01** |

You have the right to cure the default. To cure the default, on or before April 4, 2007, Countrywide must receive the amount of $5,448.01 plus any additional regular monthly payment or payments, late charges, fees and charges, which become due on or before April 4, 2007.

The default will not be considered cured unless Countrywide receives "good funds" in the amount $5,448.01 on or before April 4, 2007. If any check (or other payment) is returned to us for insufficient funds or for any other reason, "good funds" will not have been received and the default will not have been cured. No extension of time to cure will be granted due to a returned payment. Countrywide reserves the right to accept or reject a partial payment of the total amount due without waiving any of its rights herein or otherwise. For example, if less than the full amount that is due is sent to us, we can keep the payment and apply it to the debt but still proceed to foreclosure since the default would not have been cured.

If the default is not cured on or before April 4, 2007, the mortgage payments will be accelerated with the full amount remaining accelerated and becoming due and payable in full, and foreclosure proceedings will be initiated at that time. As such, the failure to cure the default may result in the foreclosure and sale of your property. If your property is foreclosed upon, the Noteholder may pursue a deficiency judgment against you to collect the balance of your loan, if permitted by law.

You may, if required by law or your loan documents, have the right to cure the default after the acceleration of the mortgage payments and prior to the foreclosure sale of your property if all amounts past due are paid within the time permitted by law. However, Countrywide and the Noteholder shall be entitled to collect all fees and costs incurred by Countrywide and the Noteholder in pursuing any of their remedies, including but not limited to reasonable attorney's fees, to the full extent permitted by law. Further, you may have the right to bring a court action to assert the non-existence of a default or any other defense you may have to acceleration and foreclosure.

Your loan is in default. Pursuant to your loan documents, Countrywide may, enter upon and conduct an inspection of your property. The purposes of such an inspection are to (i) observe the physical condition of your property, (ii) verify that the property is occupied and/or (iii) determine the identity of the occupant. If you do not cure the default prior to the inspection, other actions to protect the mortgagee's interest in the property (including, but not limited to, winterization, securing the property, and valuation services) may be taken. The costs of the above-described inspections and property preservation efforts will be charged to your account as provided in your security instrument.

If you are unable to cure the default on or before April 4, 2007, Countrywide wants you to be aware of various options that may be available to you through Countrywide to prevent a foreclosure sale of your property. For example:

Please write your account number on all checks and correspondence.
We may charge you a fee for any payment returned or rejected by your financial institution, subject to applicable law.

- Make your check payable to Countrywide Home Loans
- Write your account number on your check or money order
- Write in any additional amounts you are including (if total is more than $5000, please send certified check)
- Don't staple your check to the payment coupon
- Don't include correspondence
- Don't send cash

Account Number: 110965368-1
Rodney L. Hayes
485 Military Cv

Balance Due for charges listed above: $5,448.01 as of 03/05/2007.

Please update e-mail information on the reverse side of this coupon.

Additional Principal

Additional Escrow

Other

Check Total

BLONSENV

Countrywide
PO BOX 660694
Dallas, TX 75266-0694



EXHIBIT

1 10965368100000544801000544801

- *Repayment Plan:* It is possible that you may be eligible for some form of payment assistance through Countrywide. Our basic plan requires that Countrywide receive, up front, at least ⅓ of the amount necessary to bring the account current, and that the balance of the overdue amount be paid, along with the regular monthly payment, over a defined period of time. Other repayment plans also are available.

- *Loan Modification:* Or, it is possible that the regular monthly payments can be lowered through a modification of the loan by reducing the interest rate and then adding the delinquent payments to the current loan balance. This foreclosure alternative, however, is limited to certain loan types.

- *Sale of Your Property:* Or, if you are willing to sell your home in order to avoid foreclosure, it is possible that the sale of your home can be approved through Countrywide even if your home is worth less than what is owed on it.

- *Deed-in-Lieu:* Or, if your property is free from other liens or encumbrances, and if the default is due to a serious financial hardship which is beyond your control, you may be eligible to deed your property directly to the Noteholder and avoid the foreclosure sale.

If you are interested in discussing any of these foreclosure alternatives with Countrywide, you must contact us immediately. If you request assistance, Countrywide will need to evaluate whether that assistance will be extended to you. In the meantime, Countrywide will pursue all of its rights and remedies under the loan documents and as permitted by law, unless it agrees otherwise in writing. Failure to bring your loan current or to enter into a written agreement by April 4, 2007 as outlined above will result in the acceleration of your debt.

*Time is of the essence.* Should you have any questions concerning this notice, please contact Loan Counseling Center immediately at 1-800-669-0102. Our office hours are between 8:15 AM and 5:15 PM (Central Time).

Sincerely,

**Loan Counseling Center**

---

*E-mail use: Providing your e-mail address below will allow us to send you information on your account*
Account Number: 110965366
Rodney L Hayes E-mail address

**How we post your payments:**  All accepted payments of principal and interest will be applied to the longest outstanding installment due, unless otherwise expressly prohibited or limited by law. If you submit an amount in addition to your scheduled monthly amount, we will apply your payments as follows:  (i) to outstanding monthly payments of principal and interest, (ii) escrow deficiencies, (iii) late charges and other amounts you owe in connection with your loan and (iv) to reduce the outstanding principal balance of your loan.  Please specify if you want an additional amount applied to future payments, rather than principal reduction.

**Postdated checks:**  Countrywide's policy is to not accept postdated checks, unless specifically agreed to by a loan counselor or technician.

# STITES & HARBISON PLLC
### ATTORNEYS

SunTrust Plaza
401 Commerce Street
Suite 800
Nashville, TN 37219
(615) 782-2200
(615) 782-2371 Fax
www.stites.com

March 15, 2013

Paul Allen England
(615) 782-2262
(615) 742-0705 FAX
paul.england@stites.com

**VIA FIRST-CLASS U.S. MAIL, POSTAGE PREPAID**
**AND EMAIL TO *ATTORNEYBERKLEY@GMAIL.COM***

Drayton D. Berkley, Esq.
81 Monroe, Suite 400
Memphis, Tennessee 38103

    RE:    Legacy Auto, et al. v. The Bank of New York Mellon, et al.
           Shelby County Chancery Court, Case No. 11-1634

Dear Mr. Berkley:

        On behalf of my clients, Defendants The Bank of New York Mellon, as Trustee for the Certificate Holders of CWABS, Inc., Asset Backed Certificates 2005-13 and CWABS, Inc., Asset Backed Certificates 2005-13 (hereinafter, "responding Defendants"), and pursuant to Rule 30 of the Tennessee Rules of Civil Procedure, please find the following objections to Plaintiffs' Notice of 30.02(6) Deposition (the "Notice").

## GENERAL OBJECTIONS

    1.    Responding Defendants object to the Notice to the extent that it calls for information or documents protected from disclosure by the attorney-client privilege and/or the work product doctrine, and responding Defendants will not produce a witness to testify regarding any information thereby exempt from discovery.

    2.    Responding Defendants object to the Notice to the extent that the matters of examination are vague, ambiguous, overbroad and unduly burdensome and to the extent that the matters of examination contain undefined terms.

    3.    Responding Defendants object to the Notice to the extent that the matters of examination seek information that is not relevant to the subject matter involved in the pending actions, and therefore, not likely to lead to the discovery of admissible evidence.

    4.    Responding Defendants object to the Notice to the extent that the matters of examination are not described with describe with reasonable particularly the matters on which examination is requested as they are overbroad and seek information "including but not limited to."

STITES & HARBISON PLLC
ATTORNEYS

Drayton D. Berkley, Esq.
March 15, 2013
Page 2

5.    These General Objections are applicable to and incorporated in each of the responses to the specific matters of examination as if specifically set forth therein, and all responses are made subject to and without waiving these objections. Stating specific objections to a particular request should not be construed as a waiver of these general objections.

Subject to these General Objections, and without waiving them in any respect, responding Defendants respond to the matters of examination as follows:

1.    Responding Defendants object to Plaintiffs' request for an individual to testify about "any and all assignments of the subject promissory note executed by Rodney Hayes and Equilla Hayes on September 5, 2005 and referenced in Exhibit F to the Verified Complaint" on the grounds that it is overly broad and is not limited in scope of time. Responding Defendants further object on the grounds that it is irrelevant and not calculated to lead to the discovery of admissible evidence. Responding Defendants possess the original Note, which is endorsed in blank. Pursuant to Tenn. Code Ann. §§ 47-3-203, 47-3-301, 47-3-302, responding Defendants' possession of the original note endorsed in blank conclusively establishes its standing, thus any assignments of the same are irrelevant and not calculated to lead to the discovery of admissible evidence. Moreover, it is well-settled that a person or entity who is not a party to an assignment lacks standing to challenge that assignment. *See Livonia Properties Holdings, LLC, v. 12840-12976 Farmington Road Holdings, LLC,* 399 Fed. Appx. 97 (6th Cir. 2010) ("a litigant who is not a party to an assignment lacks standing to challenge that assignment"); *Hutchens v. Bank of Am. N.A.,* 2012 U.S. Dist. LEXIS 65077, at *31 (E.D. Tenn. May 9, 2012) (following *Livonia Properties,* holding that a litigant who is not a party to an assignment lacks standing to enforce it).

2.    Responding Defendants object to Plaintiffs' request for an individual to testify about "any and all assignments of the promissory note executed on September 5, 2005 by Rodney and Equilla Hayes to Bank of New York Mellon or to the Certificate Holders of CWABS, Inc., Asset Backed Certificates 2005-13" on the grounds that it is overly broad and is not limited in scope of time. Responding Defendants further object on the grounds that it is irrelevant and not calculated to lead to the discovery of admissible evidence. Responding Defendants possess the original Note, which is endorsed in blank. Pursuant to Tenn. Code Ann. §§ 47-3-203, 47-3-301, 47-3-302, responding Defendants' possession of the original note endorsed in blank conclusively establishes its standing, thus any assignments of the same are irrelevant and not calculated to lead to the discovery of admissible evidence. Moreover, it is well-settled that a person or entity who is not a party to an assignment lacks standing to challenge that assignment. *See Livonia Properties Holdings, LLC, v. 12840-12976 Farmington Road Holdings, LLC,* 399 Fed. Appx. 97 (6th Cir. 2010) ("a litigant who is not a party to an assignment lacks standing to challenge that assignment"); *Hutchens v. Bank of Am. N.A.,* 2012

**STITES & HARBISON** PLLC
ATTORNEYS

Drayton D. Berkley, Esq.
March 15, 2013
Page 3

U.S. Dist. LEXIS 65077, at *31 (E.D. Tenn. May 9, 2012) (following *Livonia Properties*, holding that a litigant who is not a party to an assignment lacks standing to enforce it).

3.   Responding Defendants object to Plaintiffs' request for an individual to testify about "David A. Spector's status as a Managing Director of Countrywide Home Loans, Inc., on and after September 5, 2005" on the grounds that it is overly broad and is not limited in scope of time. Responding Defendants further object on the grounds that it is irrelevant and not calculated to lead to the discovery of admissible evidence. Responding Defendants object to this subject as it is not an appropriate topic for responding Defendants as it requests information that is not within its possession, custody, or control. Responding Defendants further object to this subject to the extent that it seeks information or documents which are privileged or made confidential or otherwise non-discoverable by applicable law, including without limitation any laws requiring the confidential treatment of non-public personal or financial information.

4.   Pursuant to and in accordance with the above objections, Responding Defendants object to Plaintiffs' request to bring copies of the documents listed in 8(a) and 8(e).

Please feel free to call me if you have any questions or would like to discuss in more detail. I look forward to your response to these objections by Tuesday, March 19, 2013. If I have not heard from you by that time, my client will proceed with requesting a protective order.

Very truly yours,

STITES & HARBISON, PLLC

Paul Allen England