IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

| | | |
|---|---|---|
| STEVEN WIGLEY and CAROLYN WIGLEY, | ) | |
| | ) | |
| Plaintiffs, | ) | |
| v. | ) | No. 15-2473-STA-cgc |
| | ) | |
| AMERICAN EQUITY MORTGAGE and | ) | |
| BANK OF NEW YORK MELLON, Trustee | ) | |
| for the Certificate Holders of the C-WABS | ) | |
| Asset-Backed Certificate Series 2004-7, | ) | |
| | ) | |
| Defendants. | ) | |

## ORDER GRANTING DEFENDANT'S MOTION TO DISMISS

Before the Court is Defendant Bank of New York Mellon's Motion to Dismiss (ECF No. 10) filed on August 18, 2015, as amended (ECF No. 21) on September 25, 2015. Plaintiffs Steven Wigley and Carolyn Wigley have responded in opposition, and Defendant has filed a reply brief.[1] For the reasons set forth below, the Motion to Dismiss is **GRANTED**.

## BACKGROUND

On June 17, 2015, Plaintiffs filed their Complaint in Shelby County Chancery Court, alleging claims for rescission, fraudulent inducement, fraudulent concealment, and violations of the Truth in Lending Act. Plaintiffs seek a declaration that their deed of trust and the assignment

---

[1] On September 15, 2015, Plaintiffs were granted an extension of time in which to respond to Defendant's Motion. At that time the Court set September 30, 2015, as the deadline for Plaintiffs' response. Defendant subsequently amended its Motion to Dismiss on September 25, 2015, though the amendment consisted only of the filing of a corrected exhibit to the Motion. Defendant did not raise any new legal arguments in support of its request for dismissal, and Plaintiffs did not seek additional time to file their response brief. Plaintiffs failed to respond to the Motion by the deadline set by the Court. As a result, the Court ordered Plaintiffs to respond by October 13, 2015.

1

thereof are void. On July 16, 2015, Defendants removed Plaintiff's Complaint to this Court based on the Court's federal question and diversity jurisdiction. Plaintiffs' Complaint alleges the following facts to support their claims. On or about June 28, 2004, Plaintiffs executed a deed of trust and promissory note in favor of Defendant American Equity Mortgage, Inc. ("American Equity") for the purpose of refinancing their residential property located at 5318 Solitaire Way, Memphis, Tennessee. (Compl. ¶ 5.) The Complaint alleges that Plaintiffs' was a "table funded loan" as defined in Regulation Z. (*Id.*) Plaintiffs' promissory note was endorsed to Countrywide Document Custody Services ("Countrywide") on the same day as the closing. (*Id.*) Countrywide is not a party to this action

On or about May 7, 2012, Mortgage Electronic Registration Systems, Inc. ("MERS"), which is also not a party to this action, assigned the note and deed of trust on behalf of the lender to Defendant Bank of New York Mellon, instrument no. 12052305. (*Id.* ¶ 6.) At no time did Countrywide endorse the note or any allonge to the note. (*Id.*)[2] Plaintiffs did not receive notice of the assignment as required under 15 U.S.C. § 1641(g) and 12 C.F.R. §226.39. (*Id.*) Plaintiffs thereafter addressed a notice of rescission to Defendant Bank of New York Mellon by way of Defendant's agent Bank of America. (*Id.* ¶ 7.) Plaintiffs have attached a copy of the notice as exhibit A to the Complaint. Bank of America, which is not a party to this action, received Plaintiffs' notice on June 5, 2015, and June 8, 2015. (*Id.* ¶ 8.) Plaintiffs also addressed a copy of the notice to the Shelby County Register of Deeds. (*Id.* ¶ 9.) Plaintiffs have attached a copy of the notice received by the Register as exhibit B to the Complaint.

---

[2] According to the Complaint, this created a break in the title to the note and "divested Defendants of any title or rights of a holder in due course or a transferee and thereby rendered the assignment void and created a risk of double payments by Plaintiffs." Compl. ¶ 6. The Court holds that this allegation is actually a legal conclusion and therefore is not entitled to any presumption of truth for purposes of this Motion. The Court addresses Plaintiffs' fact claims about the endorsement and assignment below.

Based on these fact pleadings, the Complaint alleges that Bank of New York Mellon has no rights or title to the note or debt. (*Id.* ¶ 11.) This is so because the "assignment of the deed of trust without the assignment or endorsement of the corresponding promissory note, debt, or obligation is a nullity and void." (*Id.*) Bank of New York Mellon never acquired the rights of a holder. (*Id.*) The Complaint also alleges that American Equity did not have the capacity to fund the promissory note and deed of trust and was not the true lender. (*Id.* ¶ 13.) As such, American Equity fraudulently induced Plaintiffs to enter into the refinancing transaction and fraudulently concealed the identity of the true lender. (*Id.*) The identity of the lender remains obscured and undisclosed to Plaintiffs. (*Id.*)

The Complaint finally alleges that Bank of New York Mellon violated the Truth in Lending in Act by failing to transmit material information regarding US Bank within the time limit established by § 1641(g) and § 223.39. (*Id.* ¶ 15.) This is the Complaint's only reference to US Bank; US Bank is not a party to this action. Once Bank of New York Mellon violated these regulatory requirements, Plaintiffs properly exercised their right to rescind the transaction. (*Id.*) Bank of New York Mellon's receipt of Plaintiffs' notice of rescission "operated to void the security interest and the promissory note." (*Id.* ¶ 16.) The Complaint further alleges that Bank of New York Mellon's failure to disclose the transfer of the lender amounted to the non-disclosure of a material fact and therefore also entitled Plaintiffs to rescind the loan. (*Id.* ¶ 18.)

Bank of New York Mellon has moved to dismiss Plaintiffs' Complaint for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6). Bank of New York Mellon has attached to its Motion copies of Plaintiffs' adjustable rate note, the allonge endorsing the note to Countrywide, Countrywide's endorsement of the note in blank, the deed of trust, and MERS's assignment of the deed of trust to Bank of New York Mellon. Defendant argues that the Court

can properly consider the exhibits because all of the exhibits are public records and are referenced in the Complaint and central to Plaintiffs' claims for relief. Bank of New York Mellon contends that Plaintiffs' theory of the case centers on defects in the assignment of the deed of trust causing a break in the chain of title. Bank of New York believes this theory fails for the following reasons. First, Bank of New York Mellon is the holder of the note and deed of trust because Countrywide endorsed the note in blank. The Complaint even alleges that MERS assigned the note and deed of trust to Bank of New York Mellon. As a result, Bank of New York Mellon has the right to enforce the terms of the note and deed of trust.[3] Second, Plaintiffs lack standing to challenge the validity of the assignment. The Court should hold then that the Complaint fails to allege any defect in the assignment or chain of title, which would undermine Bank of New York Mellon's right to enforce the note and deed of trust.

Defendant next argues that the Complaint fails to plead the elements of fraudulent concealment or fraudulent inducement with particularity. Plaintiffs offer only the most conclusory allegations to support their claims sounding in fraud. The Complaint fails to allege that Defendants owed Plaintiffs any duty to disclose. For example, Plaintiffs have not alleged why the fact that their loan was table funded gave rise to any duty to disclose on Defendants' part. The Complaint also fails to allege with specificity which statements were materially false and which speaker made the statements. As for Plaintiffs' TILA claim, Bank of New York Mellon argues that the one-year statute of limitations for the claim began to run from the time of the closing in 2004, and the claim is now time-barred. Plaintiffs' reliance on 15 U.S.C. § 1635 as grounds for their right to rescind the transaction is misplaced. That section does not apply to

---

[3] Defendant also makes the argument that the Complaint seems to allege MERS lacked any authority to assign the deed of trust. Plaintiffs have not actually addressed this argument in their response brief. The Court finds that the Complaint does not actually allege any facts to support such a theory about MERS. Therefore, the Court declines to consider this issue.

"residential mortgage transactions." And even if it did, Plaintiffs lost the right to rescind three years after the transaction, and they must return the property upon rescission. Plaintiffs have not alleged any other grounds for rescission. Therefore, the Court should dismiss the Complaint for failure to state a claim.

Plaintiffs have responded in opposition. Plaintiffs first argue that their Complaint's claims for fraud satisfy Rule 9(b)'s heightened pleading standards. The Complaint identifies the speaker (the agents of American Equity), the date of the misrepresentation (the closing of the loan), and the substance of the misrepresentation (the note misidentifies the true lender). Plaintiffs contend that the misidentification of the lender constitutes a fraud in factum and makes out their claim for fraudulent misrepresentation. Plaintiffs argue that their fraudulent concealment claim is based on Bank of New York Mellon's failure to disclose the assignment of the deed of trust in 2012. Plaintiffs go on to argue that Bank of New York Mellon has no right to enforce the note or deed of trust. American Equity and MERS had no right to assign the note to Bank of New York Mellon because American Equity had endorsed the note to Countrywide at the time of closing. For its part Countrywide never endorsed the note to Bank of New York Mellon. In its Amended Motion, Bank of New York Mellon attempted to introduce an endorsement from Countrywide signed by David Spector to Bank of New York Mellon. Plaintiffs argue that Bank of New York Mellon disclaimed any knowledge of Spector in a separate case. Plaintiffs have attached excerpts of a deposition taken from Bank of New York Mellon's Rule 30(b)(6) representative in the other case. Even if the assignment to Bank of New York Mellon was valid, Defendant still failed to disclose the assignment in violation of TILA. Plaintiffs retain the right to rescind the transaction due to those violations. Finally, Plaintiffs

argue that they have standing to challenge the assignment because of their risk of making double payments. Therefore, the Court should deny the Motion to Dismiss.

Bank of New York Mellon has filed a reply. Defendant cites a recent decision from another District Judge of this Court, rejecting the same theory of rescission based on violations of TILA argued by Plaintiffs in this case. According to Bank of New York Mellon, the assignment of a mortgage is not a required, material disclosure under TILA giving rise to a three-year right of rescission. Furthermore, TILA's right of rescission is only available for consumer credit transactions, and not mortgage transactions. As for Plaintiff's fraudulent misrepresentation claim, none of the cases cited by Plaintiff are on point. The Complaint alleges no facts to show that a table-funded lender is not a "true" lender and fails to allege how Plaintiffs were even injured by the alleged misrepresentation. As for Plaintiffs' fraudulent concealment claim, Plaintiffs argue that the facts making out the claim are a violation of the TILA. For the reasons Defendant has already argued, any purported breach of TILA would not allow Plaintiffs' to rescind their mortgage, and Plaintiffs have not alleged how any fraudulent concealment damaged them. Bank of New York Mellon points out a number of additional legal and factual arguments raised in Plaintiffs' response brief. Defendant concludes by again arguing that Plaintiffs lack standing to challenge the assignment of their note and deed of trust.

**STANDARD OF REVIEW**

A defendant may move to dismiss a claim "for failure to state a claim upon which relief can be granted" under Federal Rule of Civil Procedure 12(b)(6). When considering a Rule 12(b)(6) motion, the Court must treat all of the well-pleaded allegations of the pleadings as true and construe all of the allegations in the light most favorable to the non-moving party.[4]

---

[4] *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974); *Saylor v. Parker Seal Co.*, 975 F.2d 252, 254 (6th Cir. 1992).

6

However, legal conclusions or unwarranted factual inferences need not be accepted as true.[5] "To avoid dismissal under Rule 12(b)(6), a complaint must contain either direct or inferential allegations with respect to all material elements of the claim."[6] Under Rule 8 of the Federal Rules of Civil Procedure, a complaint need only contain "a short and plain statement of the claim showing that the pleader is entitled to relief."[7] Although this standard does not require "detailed factual allegations," it does require more than "labels and conclusions" or "a formulaic recitation of the elements of a cause of action."[8] In order to survive a motion to dismiss, the plaintiff must allege facts that, if accepted as true, are sufficient "to raise a right to relief above the speculative level" and to "state a claim to relief that is plausible on its face."[9] "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."[10]

## ANALYSIS

The Court holds that the Complaint fails to state any claim for relief against Bank of New York Mellon. The Court construes the Complaint to allege three distinct claims against Bank of New York Mellon: declaratory relief that Bank of New York Mellon lacks any right to enforce

---

[5] *Morgan v. Church's Fried Chicken*, 829 F.2d 10, 12 (6th Cir. 1987).

[6] *Wittstock v. Mark a Van Sile, Inc.*, 330 F.3d 899, 902 (6th Cir. 2003).

[7] Fed. R. Civ. P. 8(a)(2).

[8] *Ashcroft v. Iqbal,* 556 U.S. 662, 681 (2009); *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 555 (2007). *See also Reilly v. Vadlamudi*, 680 F.3d 617, 622 (6th Cir. 2012) (quoting *Twombly,* 550 U.S. at 555).

[9] *Twombly*, 550 U.S. at 555, 570.

[10] *Iqbal*, 556 U.S. at 678.

the note or deed of trust; fraudulent concealment;[11] and violations of the Truth in Lending Act. The Court considers each claim in turn.

**I. Bank of New York Mellon's Right to Enforce the Note and Deed of Trust**

The Complaint alleges a number of facts concerning the transfer and assignment of the note and deed of trust securing Plaintiff's residential property. Plaintiffs allege that American Equity endorsed their adjustable rate note to Countrywide on June 28, 2004, the date of Plaintiffs' closing. Plaintiffs further allege that on May 7, 2012, MERS assigned the note as well as the deed of trust to Bank of New York Mellon in an instrument recorded as no. 12052305. However, Countrywide never endorsed the note or an allonge to the note. From these premises, Plaintiffs claim that a break in the chain of title occurred as to the promissory note and thereby divested Bank of New York Mellon of any rights in the note or the deed of trust.

The Court holds that the Complaint fails to allege plausible facts showing that Bank of New York Mellon did not have the right to enforce the note and deed of trust. Plaintiffs' claim arises from two factual predicates: (1) that the holder of the note, Countrywide, never endorsed the note to MERS or Bank of New York Mellon, and yet (2) MERS assigned the note along with the deed of trust to Bank of New York Mellon. The Court finds that the written instruments plainly contradict both of these allegations. Generally speaking, the Court is required to accept the well-pleaded factual allegations of the Complaint as true, unless a "written instrument plainly contradicts the pleadings."[12] Where such a contradiction exists, the instrument "trumps the

---

[11] Plaintiffs' Complaint refers to misrepresentation and fraudulent inducement; however, those claims are supported only by factual allegations concerning the conduct of American Equity. Thus, the allegations of misrepresentation and fraudulent inducement do not implicate Bank of New York Mellon.

[12] *Creelgroup, Inc. v. NGS Am., Inc.*, 518 F. App'x 343, 347 (6th Cir. 2013) (citations omitted).

8

allegations" of the pleadings.[13]  Furthermore, an instrument attached as "an exhibit to a pleading is a part of the pleading for all purposes" under Federal Rule Civil Procedure 10(c) where as here a plaintiff alleges a claim based upon a contract or other instrument.[14]  Rule 10(c) is permissive, and a plaintiff is under no obligation to attach to his complaint documents upon which his action is based.[15]  Where a plaintiff fails to attach an instrument to the complaint, however, "[d]ocuments that a defendant attaches to a motion to dismiss are considered part of the pleadings if they are referred to in the plaintiff's complaint and are central to [his] claim."[16]

While Plaintiffs have not attached any of the relevant instruments to their Complaint, Defendant has produced a copy of the deed of trust (ECF No. 10-4), the adjustable rate note (ECF No. 21-1), and the assignment recorded as instrument no. 12052305 (ECF No. 10-5), all as exhibits to the Motion to Dismiss.  The Court may consider these exhibits because the Complaint refers to each document and the documents are central to Plaintiffs' claims for relief.  The Court construes the deed of trust, the adjustable rate note, and the assignment recorded as instrument no. 12052305 and concludes that they contradict the key allegations of the Complaint and therefore "trump" Plaintiffs' claims about the transfer and assignment of the note and deed of trust.  With respect to the assignment recorded as instrument no. 12052305, MERS assigned the deed of trust to Bank of New York Mellon.  The assignment never mentions the promissory note. The assignment shows that the adjustable rate note was not included in the assignment of the deed of trust recorded as instrument no. 12052305.  The instrument flatly contradicts Plaintiffs'

---

[13] *Id.*

[14] Fed. R. Civ. P. 10(c).

[15] *Weiner v. Klais and Co., Inc.*, 108 F.3d 86, 89 (6th Cir. 1997) (citing 5 Charles A.Wright & Arthur R. Miller, *Federal Practice and Procedure* § 1327, at 762 (2d ed. 1990)).

[16] *Id.*

allegation that MERS assigned both the deed of trust and the adjustable rate note to Bank of New York Mellon.

What is more, the adjustable rate note shows that Countrywide did, in fact, transfer the note by endorsement to another party. American Equity was the initial lender, and the allonge to the note shows that American Equity specially endorsed the note for negotiation to Countrywide Document Custody Services.[17] On the page following the allonge, Countrywide Document Custody Services specially endorsed the note in favor of Countrywide Home Loans, Inc., and Countrywide Home Loans, Inc. endorsed the note in blank.[18] Rather than showing that Countrywide Document Custody Services never endorsed the note or an allonge to the note as the Complaint alleges, the note itself shows that this entity specially endorsed the note to Countrywide Home Loans, Inc. and that Countrywide Home Loans, Inc. endorsed the note in blank. Therefore, the Court declines to accept as true Plaintiffs' allegations about the endorsement of the adjustable rate note and the assignment of the note from MERS to Bank of New York Mellon.

Without factual support to show a break in the chain of title, Plaintiffs' Complaint fails to state any claim that Bank of New York Mellon lacks rights in the note or the deed of trust. Plaintiffs raise two arguments on this issue in their opposition to the Motion to Dismiss. First, Plaintiffs contend that Bank of New York Mellon never became a holder of the note. The Tennessee UCC provides that a "person entitled to enforce" an instrument is "(i) the holder of the instrument, (ii) a non-holder in possession of the instrument who has the rights of a holder, or (iii) a person not in possession of the instrument who is entitled to enforce the instrument" under

---

[17] See Adj. Rate Note (ECF No. 21-1, Page ID 132).

[18] *Id.* at Page ID 133; *see* Tenn. Code Ann. § 47-3-205 (defining a blank endorsement as an endorsement without identifying a person to whom it makes the instrument payable).

other sections of the UCC, which do not appear to be relevant here.[19] A holder is defined to mean "a person who is in possession of an instrument . . . indorsed . . . in blank,"[20] and "a holder remains a holder although that person had made an assignment of a beneficial interest therein."[21] The UCC is clear that a person "is entitled to enforce the instrument even if the person is not the owner of the instrument or in wrongful possession."[22] In this case, the Complaint alleges no facts to support Plaintiffs' legal conclusion that Bank of New York Mellon is not a "holder" of the adjustable rate note for purposes of Tennessee law. And for the reasons already explained, Plaintiffs fail to address the blank endorsement of the note by Countrywide Home Loans, Inc., which had the effect of making any person in possession of the note a "holder."[23] Therefore, the Court finds Plaintiffs' argument on this point unavailing.

Second, Plaintiffs question the admissibility of the blank endorsement of Countrywide Home Loans, Inc. The blank endorsement was signed for Countrywide Home Loans, Inc. by David A. Spector, managing director. Plaintiffs argue that a Bank of New York Mellon Rule 30(b)(6) representative testified in a separate action that she did not recognize the name David

---

[19] Tenn. Code Ann. § 47–3–301.

[20] § 47–1–201.

[21] 1 Anderson U.C.C. § 1-201-257; *In re Martinez*, 455 B.R. 744, 763 (Bankr. D. Kan. 2011).

[22] *Id.*; see also *Donaldson v. BAC Home Loans Servicing, L.P.*, 813 F. Supp. 2d 885, 894–96 (M.D. Tenn. 2011) (holding that party had right to enforce a promissory note and conduct foreclosure even though the note was not endorsed).

[23] This also disposes of a related argument raised by Plaintiffs in a footnote of their opposition brief. There, Plaintiffs contend that MERS's assignment of the deed of trust is a nullity "because the deed of trust is a mere incident of the promissory note . . ., and the assignment of the Deed of Trust which was in possession and control of Countrywide Document Services is a nullity without the transfer of the promissory note." Pls.' Resp. in Opp'n 6 n.19 (ECF No. 25-1). Plaintiffs' argument is not entirely clear on this point. Even so, the factual premise of the claim, that Countrywide never endorsed the note, contradicts the plain terms of the instrument. Therefore, this argument fails.

Specter. Plaintiffs have attached the deposition transcript of Alisha Nieswiadomy in the matter of *Legacy Auto Sales et al. v. Bank of New York* Mellon, no. CH-11-1634, a case before the Chancery Court for the Thirtieth Judicial District at Memphis. Plaintiffs argue that the Court may consider the testimony without converting the Rule 12(b)(6) Motion to a Rule 56 motion because the transcript is an exhibit to their brief and a public record. According to Plaintiffs, the Court should not permit Bank of New York Mellon to take one position in the *Legacy Auto Sales* case and a contrary position in the case at bar.

    The Court finds Plaintiffs' argument unconvincing. Unlike the instruments attached by Defendant to its Motion to Dismiss, the deposition transcript is not a part of the pleadings in this case. Plaintiffs have not shown how Ms. Nieswiadomy or her testimony in *Legacy Auto Sales* has any relationship to their claims in the case at bar. The Complaint does not refer to Ms. Nieswiadomy, her previous testimony, or the other case in which she gave it. As a result, the Court cannot find that her testimony is properly considered part of the pleadings for purposes of deciding Defendant's Motion to Dismiss. Moreover, it is not even clear to the Court that Ms. Nieswiadomy's testimony would be admissible in this action. At the time of her deposition, Ms. Nieswiadomy was an employee of Bank of America and testified as Bank of New York Mellon's designee because Bank of New York Mellon had granted Bank of America power of attorney to accept payments on behalf of Bank of New York Mellon and the witness had personal knowledge of the power of attorney and the transaction at issue in *Legacy Auto Sales*. Plaintiffs have not shown why the same witness would qualify as a Rule 30(b)(6) representative of Bank of New York Mellon in this matter or how she would have personal knowledge of the adjustable rate note in this case. As such, the Court declines to consider the proof.

For all of these reasons, the Court concludes that the Complaint fails to state any claim based on Bank of New York Mellon's alleged lack of rights in the note or the deed of trust. Defendant's Motion to Dismiss is **GRANTED** as to this claim.

## II. Fraudulent Concealment

Plaintiffs next allege that Bank of New York Mellon fraudulently concealed the May 7, 2012 assignment of the deed of trust from MERS. Under Tennessee law, the tort of fraudulent concealment, also known as "constructive fraud," occurs when "a party who has a duty to disclose a known fact or condition fails to do so, and another party reasonably relies upon the resulting misrepresentation, thereby suffering injury."[24] To establish their claim for fraudulent concealment, Plaintiffs must show

> (1) that [Bank of New York Mellon] concealed or suppressed a material fact, (2) that [Bank of New York Mellon] had a duty to disclose that fact to [Plaintiffs], (3) that [Bank of New York Mellon] intentionally concealed or suppressed that fact with the intent to deceive [Plaintiffs], (4) that [Plaintiffs] were unaware of the fact and would have acted differently if [they] had known about the concealed fact, and (5) that [Plaintiffs were] damaged as a result of the concealment or suppression of the fact.[25]

Quite simply, "[t]here must be a concealment, and the silence must amount to fraud."[26]

> Concealment in this sense may consist in withholding information asked for, or in making use of some device to mislead, thus involving act and intention. The term generally infers also that the person is in some way called upon to make a disclosure. It may be said, therefore, that, in addition to a failure to disclose known facts, there must be some trick or contrivance intended to exclude

---

[24] *Roopchan v. ADT Sec. Sys., Inc.*, 781 F. Supp. 2d 636, 650 (E.D. Tenn. 2011) (quoting *Odom v. Oliver,* 310 S.W.3d 344, 349–50 (Tenn. Ct. App. 2009)); *see also Shah v. Racetrac Petroleum Co.*, 338 F.3d 557, 571 (6th Cir. 2003) (quoting *Chrisman v. Hill Home Dev., Inc.,* 978 S.W.2d 535, 538–39 (Tenn. 1998).

[25] *Saltire Indus., Inc. v. Waller, Lansden, Dortch & Davis, PLLC*, 491 F.3d 522, 527 (6th Cir. 2007) (citing *Justice v. Anderson Cnty.*, 955 S.W.2d 613, 616 (Tenn. Ct. App. 1997)).

[26] *Id.*

suspicion and prevent inquiry, or else that there must be a legal or equitable duty resting on the party knowing such facts to disclose them.[27]

Above all, fraudulent concealment must be pled with particularity in accordance with Rule 9(b) of the Federal Rules of Civil Procedure.[28]

The Court holds that the Complaint fails to plead the claim for fraudulent concealment with sufficient particularity. Viewing the allegations in a light most favorable to Plaintiffs, the Complaint merely alleges that Bank of New York Mellon failed to disclose the assignment of Plaintiffs' deed of trust in 2012. Defendant has attached the assignment as an exhibit to its Motion to Dismiss, and the assignment shows that Bank of New York Mellon filed it with the Shelby County Register three days after it was executed, May 10, 2012. The Complaint does not allege that Bank of New York Mellon actually concealed the assignment, acted with the intent to deceive, or had a common law duty to disclose. The Complaint also fails to allege that Plaintiffs reasonably relied on any misrepresentation to their detriment. Therefore, Defendant's Motion to Dismiss is **GRANTED** as to this claim.

### III. Truth in Lending Act

Finally, the Complaint alleges that Bank of New York Mellon failed to disclose the assignment of Plaintiffs' deed of trust as required under the Truth in Lending Act. "TILA requires that creditors make certain disclosures as to the terms of lending arrangements and provides for civil liability for failure to comply with its provisions."[29] Among the disclosures

---

[27] *Id.* (citing *Patten v. Standard Oil Co. of La.*, 55 S.W.2d 759, 761 (1933)).

[28] Fed. R. Civ. P. 9(b) ("In alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud of mistake."); *Estate of Abdullah ex rel. Carswell v. Arena*, 601 F. App'x 389, 394-95 (6th Cir. 2015); *Carrier Corp. v. Outokumpu Oyj,* 673 F.3d 430, 447 (6th Cir. 2012).

[29] *United States v. Petroff-Kline*, 557 F.3d 285, 294 (6th Cir. 2009).

required under the Act, a creditor that becomes the new owner or assignee of a mortgage loan must give the borrower written notice within 30 days of the sale, transfer, or assignment of the loan.[30] The written notice must include the identity and contact information of the new creditor, the date of the transfer, instructions on how to reach a party with authority to act on behalf of the new creditor, the location of the place where the transfer of ownership is recorded, and other relevant information.[31] Importantly, Plaintiffs have not alleged a claim for money damages arising out of any purported TILA violation for failure to disclose the assignment of their deed of trust in May 2012.[32] Instead Plaintiffs seek the remedy of rescission pursuant to 15 U.S.C. § 1635, or more specifically a declaration about the effectiveness of the notice of rescission served by Plaintiffs on Bank of New York Mellon on June 8, 2015.[33]

The issue presented then is whether TILA permits Plaintiffs to exercise the right of rescission for Bank of New York Mellon's alleged failure to disclose the May 2012 assignment of Plaintiffs' deed of trust. TILA allows a consumer to exercise the right of rescission in limited, specific circumstances. Under 15 U.S.C. § 1635(a),

> in the case of any consumer credit transaction (including opening or increasing the credit limit for an open end credit plan) in which a security interest, including any such interest arising by operation of law, is or will be retained or acquired in any property which is used as the principal dwelling of the person to whom credit is extended, the obligor shall have the right to rescind the transaction until midnight of the third business day following the consummation of the transaction or the delivery of the information and rescission forms required under this section together with a statement containing the material disclosures required under

---

[30] 15 U.S.C. § 1641(g)(1).

[31] *Id.*

[32] As Defendant correctly notes in its opening brief, a TILA claim for money damages is subject to a one-year statute of limitations. 15 U.S.C. § 1640(e). In this case, such a claim would be time-barred on its face.

[33] Compl. ¶ 16.

this subchapter, whichever is later, by notifying the creditor, in accordance with regulations of the Bureau, of his intention to do so.[34]

Section 1635(d) goes on to provide that the right of rescission "shall expire three years after the date of consummation of the transaction or upon the sale of the property, whichever occurs first, notwithstanding the fact that the information and forms required under this section or any other disclosures required under this part have not been delivered to the obligor."[35]

Another District Judge of this Court recently held that the right to rescind is not an available remedy for violations of the disclosure requirement under 15 U.S.C. § 1641(g) and 12 C.F.R. § 226.39 upon the assignment of a residential mortgage. United States District Judge Samuel H. Mays reasoned that 15 U.S.C. § 1635(f) grants an obligor a "three-year continuing right of rescission only when the creditor fails to make all required, <u>material</u> disclosures about a consumer credit transaction."[36] An assignment is not one of the material disclosures listed or identified in the TILA. Judge Mays concluded then that a violation of the TILA disclosure requirement under § 1641(g) would not entitle a plaintiff to the three-year right to rescind available under § 1635(f). The Court finds Judge Mays's decision in *Robertson v. U.S. Bank* to be persuasive. The assignment of Plaintiffs' deed of trust in May 2012 did not give rise to a three-year right to rescind the mortgage transaction. Therefore, Plaintiffs have failed to state a claim for rescission under the TILA based on the notice of rescission Plaintiffs served on Defendant in June 2015.

---

[34] 15 U.S.C. § 1635(a).

[35] § 1635(d).

[36] Order Granting Mot. for Summ. J. 33, Oct. 20, 2015, *Robertson v. U.S. Bank NA et al.*, no. 14-cv-02667-SHM-cgc, ECF No. 32 (citing *Barret v. JP Morgan Chase Bank, N.A.*, 445 F.3d 874, 882 (6th Cir. 2006)).

Plaintiffs argue in their opposition to the Motion to Dismiss that the Court should construe § 1641(g) as an implicit repeal of "conflicting sections of TILA." Specifically, Plaintiffs contends that § 1641(g) and Regulation Z at 12 C.F.R. § 226.39(d)(3) implicitly repealed § 1635(e) where TILA exempts "residential mortgage transactions" from the right of rescission and defines those transactions to mean "a transaction in which a mortgage, deed of trust, . . . or equivalent consensual security interest is created or retained against the consumer's dwelling to finance the acquisition or initial construction of such dwelling."[37] The Court need not reach this issue because the Court holds that the three-year right of rescission does not extend to the failure to disclose an assignment. For the reasons already discussed, an assignment is not a material disclosure listed in TILA and therefore will not trigger the right to rescind as a remedy for violations of the disclosure requirement under 15 U.S.C. § 1641(g) and 12 C.F.R. § 226.39. Likewise, the Court need not decide whether Plaintiffs exercised the right to rescind within the statute of limitations. Bank of New York Mellon's Motion to Dismiss is **GRANTED** as to this claim.

## CONCLUSION

For the foregoing reasons, Defendant Bank of New York Mellon's Motion to Dismiss is **GRANTED**. The Complaint fails to state any claim for relief against Defendant. The Complaint does not allege any facts showing that Bank of New York Mellon does not have rights in the note or deed of trust to sustain Plaintiff's claim for declaratory relief. The Complaint also fails to state a claim for fraudulent concealment or rescission under the Truth in Lending Act. Therefore, Bank of New York Mellon is dismissed as a party to this action. Plaintiffs' claims against America Equity remain.

---

[37] 15 U.S.C. § 1602(w).

**IT IS SO ORDERED.**

                                  **s/ S. Thomas Anderson**
                                  S. THOMAS ANDERSON
                                  UNITED STATES DISTRICT JUDGE

                                  Date: November 17, 2015.