IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

___

| STEVEN WIGLEY and CAROLYN WIGLEY, | ) | |
|---|---|---|
| | ) | |
| Plaintiffs, | ) | |
| v. | ) | No. 15-2473-STA-cgc |
| | ) | |
| AMERICAN EQUITY MORTGAGE and | ) | |
| BANK OF NEW YORK MELLON, Trustee | ) | |
| for the Certificate Holders of the C-WABS | ) | |
| Asset-Backed Certificate Series 2004-7, | ) | |
| | ) | |
| Defendants. | ) | |

___

**ORDER GRANTING DEFENDANT AMERICAN EQUITY MORTGAGE'S MOTION TO DISMISS**
___

Before the Court is Defendant American Equity Mortgage's Motion to Dismiss (ECF No. 31) filed on November 30, 2015. Plaintiffs Steven Wigley and Carolyn Wigley have responded in opposition, and Defendant has filed a reply brief. For the reasons set forth below, the Motion to Dismiss is **GRANTED**.

**BACKGROUND**

On June 17, 2015, Plaintiffs filed their Complaint in Shelby County Chancery Court, alleging claims against American Equity Mortgage ("American Equity") for rescission, fraudulent inducement, and fraudulent concealment. The Complaint alleged separate claims against Bank of New York Mellon for declaratory relief concerning Bank of New York Mellon's rights in Plaintiffs' note and deed of trust, violations of the Truth in Lending Act, and fraudulent concealment. On July 16, 2015, Defendants filed a Notice of Removal bringing Plaintiffs' claims before this Court based on the parties' diversity of citizenship and the amount in

1

controversy. On November 17, 2015, the Court granted Bank of New York Mellon's Rule 12(b)(6) motion to dismiss the causes of action against it for failure to state a claim, leaving only Plaintiff's claims against America Equity.

Defendant now argues that the Complaint fails to state any claim for relief against it and seeks the dismissal of Plaintiffs' remaining claims. For purposes of Defendant's Motion to Dismiss, the Court accepts the following well pleaded factual allegations of the Complaint as true. On or about June 28, 2004, Plaintiffs executed a deed of trust and promissory note in favor of American Equity for the purpose of refinancing their residential property at 5318 Solitaire Way, Memphis, Tennessee. (Compl. ¶ 5.) The Complaint alleges that Plaintiffs' was a "table funded loan" as defined in Regulation Z, TILA's implementing regulation. (*Id.*) Defendant endorsed Plaintiffs' promissory note to Countrywide Document Custody Services ("Countrywide") on the same day as the closing. (*Id.*) Countrywide is not a party to this action. The Complaint goes on to make a number of additional allegations about the subsequent assignment of Plaintiff's note and deed of trust to Bank of New York Mellon and the failure of Bank of New York Mellon to disclose the transfer of the note. As a remedy for the alleged failure to disclose the assignment, Plaintiffs gave Bank of New York Mellon notice of their rescission of the mortgage transaction and filed the notice with the Shelby County Register of Deeds. (*Id.* ¶¶ 7, 8.)

Based on these fact pleadings, the Complaint alleges that American Equity did not have the capacity to fund the promissory note and deed of trust and was not the true lender for Plaintiffs' refinancing. (*Id.* ¶ 13.) As such, American Equity fraudulently induced Plaintiffs to enter into the refinancing transaction and fraudulently concealed the identity of the true lender. (*Id.*) The identity of the lender remains "obscured and undisclosed" to Plaintiffs. (*Id.*)

American Equity has moved to dismiss Plaintiffs' Complaint for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6). Concerning Plaintiffs' claim for fraudulent inducement, American Equity argues that the Complaint fails to plead the specifics of any false statement about the identity of the lender, American Equity's intent to deceive, or how Plaintiffs' reasonably relied on any purportedly false statement to their detriment. Without these specific fact pleadings, American Equity contends Plaintiffs have failed to state a claim for fraudulent inducement with the particularity required under Rule 9(b) of the Federal Rules of Civil Procedure. As for the fraudulent concealment claim, American Equity argues that the Complaint also fails to allege the specific details of American Equity's misrepresentation of the facts or how American Equity concealed the truth of the matter from Plaintiffs. The Complaint fails to support the concealment claim with specific allegations about American Equity's duty to Plaintiffs to make the disclosure. In the absence of a fraud alleged with particularity, American Equity argues that Plaintiffs' claim for rescission should be dismissed.

Plaintiffs have responded in opposition to American Equity's Motion to Dismiss. Plaintiffs first argue that their Complaint's claims for fraud satisfy Rule 9(b)'s heightened pleading standards. The Complaint identifies the speaker (the agents of American Equity and the closing attorney), the date of the misrepresentation (the closing of the loan), and the substance of the misrepresentation (the note misidentifies the true lender). Plaintiffs contend that the misidentification of the lender constitutes a fraud in factum and makes out their claim for fraudulent misrepresentation, though Defendant does not actually argue for the dismissal of such a claim in its opening brief. Nevertheless, Plaintiffs argue that American Equity's misrepresentation about the identity of the true lender renders the promissory note void. With respect to their fraudulent concealment claim, Plaintiffs place the source of American Equity's

3

duty to disclose the identity of the true lender, which Plaintiffs suspect to be Countrywide, in the Truth in Lending Act. Plaintiffs assert without any elaboration that American Equity's failure to disclose damaged them. Therefore, Plaintiffs ask the Court to deny the Motion to Dismiss.

American Equity has filed a reply brief. Defendant first points out that Plaintiffs have failed to respond to Defendant's argument for the dismissal of their fraudulent inducement claim and request for rescission. The Complaint alleged that American Equity had fraudulently induced Plaintiffs to enter into the refinancing transaction and sought as a remedy for the alleged fraud the rescission of the note and deed of trust. Defendant argued in its opening brief that the Complaint failed to state the claims. The Court should treat Plaintiffs' failure to address the argument in their response as a waiver of the fraudulent inducement claim and dismiss the prayer for rescission accordingly. Insofar as Plaintiffs have argued the merits of a fraudulent misrepresentation claim in their response brief, Defendant responds that Plaintiffs should not be allowed to raise new claims in a response brief and should instead be required to amend their pleadings.

Even if the Court addresses the newly raised fraudulent misrepresentation claim on the merits, the Complaint fails to allege how American Equity misrepresented the identity of the lender. While it is true that American Equity transferred the note and deed of trust to another institution, the parties' agreement specifically granted American Equity the right to do so. And Plaintiffs have still not alleged how the misrepresentation caused them to suffer any injury. Likewise, Plaintiffs have failed to plead all of the elements of their claim for fraudulent concealment, and in particular why American Equity owed Plaintiffs a duty to disclose. None of the typical sources of the duty to disclose are present in this case. Plaintiffs rely on TILA but have not shown how any statutory duty to disclose found in TILA created a duty to disclose

under Tennessee common law. As with their other claims, Plaintiffs have not alleged how any failure to disclose caused them injury. For these reasons the Court should dismiss the claims against American Equity.

## **STANDARD OF REVIEW**

A defendant may move to dismiss a claim "for failure to state a claim upon which relief can be granted" under Federal Rule of Civil Procedure 12(b)(6). When considering a Rule 12(b)(6) motion, the Court must treat all of the well-pleaded allegations of the pleadings as true and construe all of the allegations in the light most favorable to the non-moving party.[1] However, legal conclusions or unwarranted factual inferences need not be accepted as true.[2] "To avoid dismissal under Rule 12(b)(6), a complaint must contain either direct or inferential allegations with respect to all material elements of the claim."[3] Under Rule 8 of the Federal Rules of Civil Procedure, a complaint need only contain "a short and plain statement of the claim showing that the pleader is entitled to relief."[4] Although this standard does not require "detailed factual allegations," it does require more than "labels and conclusions" or "a formulaic recitation of the elements of a cause of action."[5] In order to survive a motion to dismiss, the plaintiff must allege facts that, if accepted as true, are sufficient "to raise a right to relief above the speculative

---

[1] *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974); *Saylor v. Parker Seal Co.*, 975 F.2d 252, 254 (6th Cir. 1992).

[2] *Morgan v. Church's Fried Chicken*, 829 F.2d 10, 12 (6th Cir. 1987).

[3] *Wittstock v. Mark a Van Sile, Inc.*, 330 F.3d 899, 902 (6th Cir. 2003).

[4] Fed. R. Civ. P. 8(a)(2).

[5] *Ashcroft v. Iqbal,* 556 U.S. 662, 681 (2009); *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 555 (2007). *See also Reilly v. Vadlamudi*, 680 F.3d 617, 622 (6th Cir. 2012) (quoting *Twombly,* 550 U.S. at 555).

level" and to "state a claim to relief that is plausible on its face."[6] "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."[7]

## ANALYSIS

The Court holds that the Complaint fails to state a claim for relief against American Equity. The parties' briefs reflect a discrepancy about what claims Plaintiffs have actually alleged in the Complaint against this Defendant. American Equity's opening brief argues for the dismissal of Plaintiffs' fraudulent inducement, fraudulent concealment, and rescission claims. Plaintiffs' response brief refers to claims for fraud, fraudulent misrepresentation, and fraudulent concealment. The Court notes that the Complaint itself contains a separate section with Plaintiffs' causes of action against American Equity. This section's heading reads "fraudulent inducement [sic], fraudulent concealment and rescission." The actual allegation under this heading states that American Equity "through its agents and employees falsely misrepresented to Plaintiff [sic] that it was the true lender for the promissory note . . . ."[8] This section of the Complaint goes on to allege that the identity of the true lender "remains and unobscured" and that Plaintiffs tendered their notice of rescission "[u]pon learning of this information."[9] Elsewhere, the Complaint alleges that American Equity fraudulently induced Plaintiffs to make the promissory note by misrepresenting the identity of the true lender.[10] Putting aside the labels

---

[6] *Twombly*, 550 U.S. at 555, 570.

[7] *Iqbal*, 556 U.S. at 678.

[8] Compl. ¶ 13.

[9] *Id.*

[10] *Id.* ¶ 5 ("On information and belief, the Plaintiffs were fraudulently induced to enter into the June 28, 2004 loan transactions by agents or representative [sic] of American Equity

the Complaint attaches to Plaintiffs' causes of action, the Complaint can be read to allege claims for fraudulent inducement, fraudulent concealment, fraudulent misrepresentation or fraud, and rescission. For the sake of full and fair consideration of Plaintiffs' theories of recovery, the Court will examine each cause of action in turn.

**I. Fraudulent Inducement**

The first cause of action specifically mentioned in the Complaint's allegations against American Equity is fraudulent inducement. The Tennessee Supreme Court has defined the following as the elements of fraudulent inducement: (1) the defendant made a false statement concerning a fact material to the transaction (2) with knowledge of the statement's falsity or utter disregard for its truth (3) with the intent of inducing reliance on the statement, (4) the statement was reasonably relied upon, and (5) an injury resulted from this reliance.[11] Claims for fraudulent inducement may involve false statements of past or present facts or false promises made without the present intent to perform.[12] At the pleadings stage, a plaintiff asserting fraudulent inducement "must state with particularity the circumstances constituting fraud or mistake."[13] To satisfy this requirement, a plaintiff must "(1) specify the statements that the plaintiff contends were fraudulent, (2) identify the speaker, (3) state where and when the statements were made,

---

Mortgage, Inc. and the closing attorney because the promissory note and deed of trust misrepresent the identity of the actual lender.").

[11] *Baugh v. Novak*, 340 S.W.3d 372, 388 (Tenn. 2011) (citing *Lamb v. MegaFlight, Inc.*, 26 S.W.3d 627, 630–31 (Tenn. Ct. App. 2000)).

[12] *Lowe v. Gulf Coast Dev., Inc.,* 1991 WL 220576, at *7 (Tenn . Ct. App. Nov. 1, 1991).

[13] Fed. R. Civ. P. 9(b).

7

and (4) explain why the statements were fraudulent."[14] At a minimum, a plaintiff "must allege the time, place and contents of the misrepresentations upon which [he] relied."[15]

The Court holds that the Complaint fails to state a claim for fraudulent inducement with the requisite particularity. Plaintiff offers only the most conclusory allegations about American Equity's supposed failure to disclose the actual identity of the lender. Rather than identifying the speaker, the Complaint merely alleges that "agents and employees" of Defendant and the closing attorney misrepresented the identity of the true lender and that the misrepresentation occurred at the closing. The Court holds that these threadbare allegations do not satisfy Rule 9(b)'s heightened pleading standard.

Furthermore, the Complaint's allegations of reliance and injury are nothing more than a formulaic recitation of these elements. Plaintiffs have offered no allegations to support an inference of reasonable reliance or actual damages flowing from the misrepresentation. As Defendant correctly notes, Plaintiffs agreed as part of the promissory note that American Equity had the contractual right to transfer its interest to another party at any time. It is not at all clear then how the alleged misrepresentation about American Equity's role in funding Plaintiffs' loan defrauded Plaintiffs or caused them damages when they plainly agreed to the transferability of their note as a term of the transaction. The Court concludes then that the Complaint fails to state a plausible claim for fraudulent inducement with particularity. Therefore, the Motion to Dismiss is **GRANTED** on this issue.

**II. Fraudulent Concealment**

---

[14] *Frank v. Dana Corp.,* 547 F.3d 564, 569–70 (6th Cir. 2008).

[15] *Id.*

Plaintiffs next allege that American Equity fraudulently concealed the true identity of the lender at the time of the closing on Plaintiffs' refinancing loan in June 2004. Under Tennessee law, the tort of fraudulent concealment, also known as "constructive fraud," occurs when "a party who has a duty to disclose a known fact or condition fails to do so, and another party reasonably relies upon the resulting misrepresentation, thereby suffering injury."[16] To establish their claim for fraudulent concealment, Plaintiffs must show

> (1) that [American Equity] concealed or suppressed a material fact, (2) that [American Equity] had a duty to disclose that fact to [Plaintiffs], (3) that [American Equity] intentionally concealed or suppressed that fact with the intent to deceive [Plaintiffs], (4) that [Plaintiffs] were unaware of the fact and would have acted differently if [they] had known about the concealed fact, and (5) that [Plaintiffs were] damaged as a result of the concealment or suppression of the fact.[17]

Quite simply, "[t]here must be a concealment, and the silence must amount to fraud."[18]

> Concealment in this sense may consist in withholding information asked for, or in making use of some device to mislead, thus involving act and intention. The term generally infers also that the person is in some way called upon to make a disclosure. It may be said, therefore, that, in addition to a failure to disclose known facts, there must be some trick or contrivance intended to exclude suspicion and prevent inquiry, or else that there must be a legal or equitable duty resting on the party knowing such facts to disclose them.[19]

---

[16] *Roopchan v. ADT Sec. Sys., Inc.*, 781 F. Supp. 2d 636, 650 (E.D. Tenn. 2011) (quoting *Odom v. Oliver,* 310 S.W.3d 344, 349–50 (Tenn. Ct. App. 2009)); *see also Shah v. Racetrac Petroleum Co.*, 338 F.3d 557, 571 (6th Cir. 2003) (quoting *Chrisman v. Hill Home Dev., Inc.*, 978 S.W.2d 535, 538–39 (Tenn. 1998)).

[17] *Saltire Indus., Inc. v. Waller, Lansden, Dortch & Davis, PLLC*, 491 F.3d 522, 527 (6th Cir. 2007) (citing *Justice v. Anderson Cnty.*, 955 S.W.2d 613, 616 (Tenn. Ct. App. 1997)).

[18] *Id.*

[19] *Id.* (citing *Patten v. Standard Oil Co. of La.*, 55 S.W.2d 759, 761 (Tenn. 1933)).

Just as with Plaintiffs' claim for fraudulent inducement, fraudulent concealment must be pled with particularity in accordance with Rule 9(b) of the Federal Rules of Civil Procedure.[20]

The Court holds that the Complaint fails to plead the claim for fraudulent concealment with sufficient particularity. Viewing the allegations in a light most favorable to Plaintiffs, the Complaint merely alleges that unnamed "agents and employees" of American Equity failed to disclose the true identity of the lender for Plaintiffs' refinancing loan in 2004. The Complaint does not allege how the true identity of the lender came to light or even that Plaintiffs have discovered the true identity of the lender (their brief suggests it was Countrywide). The Complaint also fails to state any facts to allege how American Equity concealed the true lender's identity, acted with the intent to deceive, or had a common law duty to disclose. And as with their fraudulent inducement claim, Plaintiffs have failed to support their fraudulent concealment claim with any facts to show their reasonable reliance or actual damages. The Complaint is completely silent as to how or why they would have not made the promissory note had they known that American Equity was not the actual lender. In short, the Complaint fails to state a plausible claim for fraudulent concealment with particularity. Therefore, Defendant's Motion to Dismiss is **GRANTED** on this issue.

### III. Intentional Misrepresentation and Rescission

This leaves Plaintiffs' claims for fraud or fraudulent misrepresentation and their plea for rescission of the note and deed of trust. The Tennessee Supreme Court has held that a fraudulent misrepresentation and common law fraud claim share the same elements of proof.[21] In fact, the

---

[20] Fed. R. Civ. P. 9(b) ("In alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud of mistake."); *Estate of Abdullah ex rel. Carswell v. Arena*, 601 F. App'x 389, 394-95 (6th Cir. 2015); *Carrier Corp. v. Outokumpu Oyj,* 673 F.3d 430, 447 (6th Cir. 2012).

[21] *Hodge v. Craig*, 382 S.W.3d 325, 342 & n.28 (Tenn. 2012).

Tennessee court has suggested that the term "intentional misrepresentation" replace "fraud" and "fraudulent misrepresentation" as the best label for these causes of action and be used exclusively in Tennessee so as to avoid confusion.[22] Under Tennessee law, a plaintiff alleging intentional misrepresentation must prove the following elements:

> (1) the defendant made a representation of an existing or past fact; (2) the representation was false when made; (3) the representation was in regard to a material fact; (4) the false representation was made either knowingly or without belief in its truth or recklessly; (5) plaintiff reasonably relied on the misrepresented material fact; and (6) plaintiff suffered damage as a result of the misrepresentation.[23]

"The essence of fraud is deception."[24] "In its most general sense, fraud is a trick or artifice or other use of false information that induces a person to act in a way that he or she would not otherwise have acted."[25] "Fraud occurs when a person intentionally misrepresents a material fact or intentionally produces a false impression in order to mislead another or to obtain an unfair advantage."[26]

For many of the same reasons already discussed, the Court holds that the Complaint fails to allege a claim for intentional misrepresentation with the requisite particularity. The Complaint alleges that American Equity's "agents and employees" represented that American Equity was the lender even though American Equity only "table funded" Plaintiffs' loan. The Complaint contains no particular allegations showing that these unnamed individuals acted with knowledge

---

[22] *Id.*

[23] *Id.* (citing *Walker v. Sunrise Pontiac–GMC Truck, Inc.,* 249 S.W.3d 301, 311 (Tenn. 2008)).

[24] *Deal v. Tatum*, No. M201501078COAR3CV, 2016 WL 373265, at *7 (Tenn. Ct. App. Jan. 29, 2016) (citing *Lopez v. Taylor,* 195 S.W.3d 627, 634 (Tenn. Ct. App. 2005)).

[25] *Id.*

[26] *Id.* (citing *Brown v. Birman Managed Care, Inc.*, 42 S.W.3d 62, 66 (Tenn. 2001)).

of the falsity of their representations about the lender or with the intent to deceive Plaintiffs. The Complaint also fails to allege how Plaintiffs relied on the misrepresentation to their detriment and suffered damages as a result of the misrepresentation. Again, the Complaint contains only legal labels and a perfunctory recitation of some of the elements of the claim. Therefore, the Complaint has failed to state a plausible claim for intentional misrepresentation with particularity.

Having concluded that the Complaint fails to state any claim for relief sounding in fraud, Plaintiffs' request for rescission must also fail. "Although rescission is not favored in Tennessee,"[27] rescission is an equitable remedy where a contract is the product of fraud or mutual mistake.[28] Even then rescission is "not enforceable as a matter of right" but a remedy entrusted to "the sound discretion of the trial court" and exercised only "sparingly."[29] In the absence of an actionable fraud claim, rescission of a contract is wrongful under Tennessee law.[30] Plaintiffs' demand for rescission of their refinancing agreements flows from their claims that American Equity acted with fraudulent intent. Because the Complaint fails to state any claim for fraud against American Equity, the Complaint's prayer for rescission of the promissory note and

---

[27] *Klosterman Dev. Corp. v. Outlaw Aircraft Sales, Inc.*, 102 S.W.3d 621, 631 (Tenn. Ct. App. 2002).

[28] *Vance v. Schulder*, 547 S.W.2d 927, 931 (Tenn. 1977) ("An individual induced by fraud to enter into a contract may elect between two remedies. He may treat the contract as voidable and sue for the equitable remedy of rescission or he may treat the contract as existing and sue for damages at law under the theory of 'deceit.'"); *Klosterman Dev. Corp.*, 102 S.W.3d at 632 ("In order to authorize relief for mistake the mistake generally must have been mutual, and it must have been material, and not due to the complainant's negligence; and complainant must show injury.").

[29] *Klosterman Dev. Corp.*, 102 S.W.3d at 632 (citing *Early v. Street*, 241 S.W.2d 531 (Tenn. 1951)) (other citations omitted).

[30] *Janoyan v. Janoyan*, No. E201301669COAR3CV, 2015 WL 274618, at *4 (Tenn. Ct. App. Jan. 21, 2015) (citing Tenn. Prac. Contract Law & Prac. *Remedies—Rescission* § 6:60 (2014)).

deed of trust between Plaintiffs and American Equity also fails. Therefore, Defendant's Motion to Dismiss the rescission claim is **GRANTED**.

## CONCLUSION

For the foregoing reasons, Defendant American Equity's Motion to Dismiss is **GRANTED**. The Complaint fails to state any plausible claim for relief against Defendant with the particularity required under Federal Rule of Civil Procedure 9(b). As such, Plaintiffs' claims for fraudulent inducement, fraudulent concealment, intentional misrepresentation, and rescission must be dismissed. American Equity is dismissed as a party to this action. Having considered and ruled on all of Plaintiffs' claims for relief, this case is hereby dismissed. The clerk is directed to enter judgment.

**IT IS SO ORDERED.**

s/ S. Thomas Anderson
S. THOMAS ANDERSON
UNITED STATES DISTRICT JUDGE

Date: March 3, 2016.